And now, the 8th of July, the Chief Justice stated the question, and delivered the opinion of the court, to the following effect:
 

 McKean, C. J.
 

 The testator, Flowers, and Jacobs, entered into an agreement for the sale of certain lands ; soon after which, Flowers died, and Jacobs paid the purchase-money to his executors. The will, however, which appointed these executors, was afterwards set aside, having been obtained by undue influence; and Jacobs filed the present claim to recover the money that he had thus improperly paid.
 

 The only question submitted to the consideration of the court, is, whether, under these circumstances, interest should be allowed ?
 

 If there appeared, on the part of the executors, anything like a
 
 suppressio veri,
 
 or
 
 suggestio falsi,
 
 our decision would, perhaps, be different from that which we have formed. But on the present complexion of the transaction, we think no interest ought to be allowed.
 

 In Yentris, it is said, that no interest is lawful, and, in many other cases, that it cannot be recovered, unless given by a positive statute. When the Stat. of
 
 Hen. 'VII.
 
 was passed, a question arose, whether interest might be allowed, pending a writ of error; and it was refused. In the case of promissory notes, however, where a day certain is fixed for payment, interest is is allowed from the day of payment: and, where no day is fixed, it is payable from the time of demand. But in the instance before us, the money was received as well as paid, in a mistake, and neither fraud or surprise can be imputed to either party. Therefore, let the-claim be allowed for the principal sum which Jacobs had paid, without interest,
 
 (a)
 

 (a)
 

 This case, stated somewhat differently, is cited in Henry
 
 v.
 
 Risk,
 
 post,
 
 p. 265. And the principle upon which it was decided was adopted in Brown v. Campbell, 1 S. & R. 176, and King v. Diehl, 9 Id. 409. See also Eckert
 
 v.
 
 Wilson, 12 Id. 393.