[PHILADELPHIA, APRIL 16, 1835.]

# ⌁ TROUBAT *against* HUNTER.

### IN ERROR.

*A.* and *B.* entered into an agreement under seal, which recited that the former had purchased from the latter, a house and lot, in the city of Philadelphia.: That the wife of *C.* the former owner of one-fifth of the property, had not executed the deed made by her husband and others, to *B.*; and that consequently, if she should survive her husband, she would be entitled to dower in the same, and that it had been agreed that a certain sum being one-third part of a fifth of the consideration money' should remain in the hands of *A.* until the decease of the wife of *C.* or until she should release her dower. *A.* then covenanted to pay to *B.* the sum so retained on the decease of the wife of *C.* or whenever a release of dower duly executed by her, should by the said *B.* be produced and delivered to him " with lawful interest on the said sum, provided the same shall not exceed eighteen months from the date" of the agreement. The wife of *C.* died on the 17th of October, 1826, and the first notice which *A.* received of her death and the first demand made upon him for payment of the money, was the institution of an action of covenant on the agreement, on the 13th of August, 1832.
*Held,* That the plaintiff was entitled to recover the principal sum retained by the defendant, with interest from the death of the wife of *C.*

On a writ of error to the District Court, for the city and county of Philadelphia, it appeared that this was an action of covenant brought by *William S. Hunter* against *John Troubat,* founded upon an agreement under seal, bearing date the 4th day of December, 1810, of which the following is a copy :

" To whom these presents shall come, or may concern :—whereas, I, *John Troubat,* of the city of Philadelphia, merchant taylor, have purchased from *William S. Hunter* and *Thomas Armstrong,* a house and lot on the west side of Second street, between Walnut and Spruce streets, in the said city, belonging to the representatives of of *James Hunter* deceased. And whereas the wife of *James G. Hunter,* one of the said representatives, hath not executed the deed to the said *William S. Hunter* made by her said husband, and others, representatives of the said *James Hunter,* for three-fifths of the said premises, consequently if she should survive her said husband, she would be entitled to dower in the same; and whereas, it is the agreement that the sum of three hundred and sixty-one dollars and eighty-nine cents, being one-third part of a fifth of the consideration money, should remain in my hands until the decease of the wife of the said *James G. Hunter,* or until she should by an instrument in writing, duly authenticated, release her right of dower in the said premises; now know ye, that I, the said *John Troubat,* for myself, my heirs, executors and administrators, do hereby covenant to pay unto the said *William S. Hunter,* his executors, administrators. or assigns, or the person or persons legally entitled to the same, the

VOL. V.    33

(Troubat *v.* Hunter.)

aforesaid sum of three hundred and sixty-one dollars and eighty-nine cents, on the decease of the wife of the said *James G. Hunter*, or whenever a release of dower executed by her, and duly authenticated, shall be by him the said *William S. Hunter* produced and delivered with lawful interest on the said sum, provided the same shall not exceed eighteen months from the date hereof."

The following receipt was endorsed on the agreement:

"Received from Mr. *John Troubat*, the sum of thirty-two dollars and fifty cents, the interest due on the within covenant from said *Troubat*.

July 15, 1820.                    (Signed,)
                                        *William S. Hunter*."

The plea was covenants performed with leave to give the special matter in evidence.

Replication non perf. and issues.

The jury found a verdict for the plaintiff and assessed damages at five hundred and two dollars and forty-two cents, "subject to the opinion of the court below, as to the claim of interest, whether the same is to be calculated from the 17th October, 1826, or from 13th August, 1832; and also whether the defendant has a right to deduct the widow's claim of dower." They further found that the article of agreement dated 4th December, 1810, as set forth above, was entered into between the parties: That the wife of *James G. Hunter*, died the 17th October, 1826, and that the institution of this suit, which was on the 13th of August, 1832, was "the first notice of the death of Mrs. *Hunter* aforesaid, and the first demand made on the defendant by the plaintiff for payment."

The court below gave judgment for the whole amount of the verdict which included the principal sum of three hundred and sixty-one dollars and eighty-nine cents, and interest from the 17th of October, 1826, in favour of plaintiff below; and filed their opinion of record.

The plaintiff in error assigned for error:

1st. That the court below erred in their opinion, that the proviso of the agreement of the 4th of December, 1810, had respect only to the interest that accrued before the principal became due.

2nd. That the court erred in saying that interest was due under the said agreement, from the 17th of October, 1826, the day when the widow of *James G. Hunter* died.

3rd. That the court erred in giving judgment for the whole amount of the verdict against the said *Troubat*.

The case was submitted to this court on written arguments, by *Law*, for the plaintiff in error, and by

*Stroud* for the defendant in error.

(Troubat *v.* Hunter.)

*Argument for the plaintiff in error.*

The question is, whether the plaintiff in error under the agreement of the 4th of December, 1810, is liable for more than the principal sum, three hundred and sixty-one dollars and eighty-nine cents, with interest from the commencement of the suit, 13th August, 1832, or whether he is bound to pay interest from the 17th October, 1826, when the widow *Hunter* died. The commencement of the suit being the first notice of her death, and the first demand of payment.

The agreement stipulates for the payment of that sum on the decease of the widow, or tender of a release of dower, " *with lawful interest on the* said sum, provided *the same shall not exceed eighteen months,* from the date of the agreement."

The English authorities show that such an agreement apart from the proviso would not carry interest. This is a single bill; not a bond with a penalty, and there is a difference between them as to interest. 2 *Harrison's Digest,* 1362. *Hogan* v. *Page,* 1 *B. & P.* 337. *Farquahar* v. *Norris,* 7 *T. R.* 124. An agreement under seal to pay fifteen hundred pounds, in sums at various periods does not carry interest. *Foster* v. *Weston,* 6 *Bing.* 697 ; 19 *Com. Law R.* 211. A covenant on a policy of insurance to pay a sum six months after proof of death, does not carry interest from time of proof. *Higgins* v. *Sergeant,* 2 *B. & C.* 345 ; 9 *Com. Law R.* 101. Interest is not payable on an agreement to pay a sum on recognisance money due *A. Hare* v. *Richards,* 7 *Bing.* 254 ; 20 *Com. Law R.* 123. " If plaintiff has sustained loss of interest," says Tindal, C. J. " he must ascribe it to his own neglect, in not pursuing his remedy earlier." *Havilland* v. *Bowerbank,* 1 *Camp. R.* 50.

The same rule obtains in Massachusetts. A person covenanting to pay what should be recovered against covenantee, is liable for interest only from the time of demand made, or from the date of the writ, 2 *Big. Dig.* 83. *Parker* v. *Thompson,* 3 *Pick.* 429. It is true, that the allowance of interest in Pennsylvania, is carried beyond what is the rule in England, or in most of the states; the court seem to think it has gone far enough, and that it is time to pause. *Graham* v. *Williams,* 16 *Serg. & Rawle,* 258. The plaintiff in error was under this agreement, a trustee or *quasi* trustee for the widow, as to her dower. The interest of the sum retained being considered its equivalent. The case of *Knight* v. *Reese,* 2 *Dall.* 182, shows that under such circumstances, interest runs only from demand, or the commencement of suit. *Gaskins* v. *Gaskins,* 17 *Serg. & Rawle,* 390, sustains the same principle. *Chila* v. *Devereux,* 1 *Murphy* 398, shows that a debtor is excused from interest, when a creditor conceals himself, and a debtor does not know where to apply. Is not the rule the same, where a creditor conceals the happening of the event, on which the debt is payable?

But whatever may be the rule of law in Pennsylvania, apart from the proviso in this agreement, as to interest, the parties may make a rule for themselves. And here they stipulate for interest, for a limited time only. It ought not to be applied to interest before the principal was due. It requires an express stipulation to give interest before the time appointed for payment. *Buchannan* v. *Searight*, 1 *Hen. & Mun.* 210. Mere implication will not be sufficient. *Ibid.* To apply the clause relating to interest, so as to make it due before the time fixed for payment, might have compelled the plaintiff in error to pay double interest, had the husband of Mrs. *Hunter* died the day after the agreement, and Mrs. *Hunter*, at the end of eighteen months, as interest under this construction, would have been due to the defendant in error, and again in the shape of dower to Mrs. *Hunter.* The natural presumption is that the money was not used by the plaintiff in error. 1 *Camp.* 50. 6 *Binn.* 172, *per* Brackenridge, J. The proviso may have been intended to stimulate the defendant in error, to give early notice of the death of widow *Hunter.* The cases supposed to be adverse to the present argument, do not in fact militate against it. In *Obermeyer* v. *Nichols*, 6 *Binn.* 161, it was left to the jury to give interest or not, as they thought proper. In the present case the decision of the court below, was that it must be given. Tilghman, C. J. says interest is allowed where by express agreement, a certain time is fixed; but not as a matter of strict right, as in bonds with a penalty conditioned for payment of a certain sum on a certain day. 6 *Binn.* 162. Here the day of payment was not certain, depending as it did on a contingency, and there was no penalty. In *Shaller* v. *Brand*, 6 *Binn.* 435, there was a bond with a penalty, for which judgment was entered, and the day of payment was a certain one, which could not but be known to the obligor. So in the case of the *Estate of Schæffer*, 9 *Serg. & Rawle*, 265, there was a bond with a penalty. The death of *Eliza Schæffer* must have been, and was known to *John*; whereas, the death of Mrs. *Hunter* was not known to Mr. *Troubat.* In these cases also there is no special agreement as to interest, as there is here limiting in express terms, the period of its allowance; and they are answered by that, if our construction is right.

*Argument for the Defendant in Error.*

The finding of the jury, considered as a special verdict would be objectionable in respect to that which relates to a deduction of the widow's claim of dower: for the time of her husband's death is not found, nor any data furnished by which it can be ascertained. As however, from the agreement which is the foundation of the action, it is manifest the husband did *not* die *seized*, according to the decision in *Benner* v. *Evans*, 3 *Penn. Rep.* 454, the widow, were she living, could recover only one-third of the land laid off by metes and bounds, and not one-third of the annual value of the property; of

(Troubat' *v.* Hunter.)

course, the action or right of dower would die with her ; and, so it is expressly decided in *Mordant* v. *Thorold*, 1 *Salk.* 262. · Such was the view taken by counsel on both sides and by the court below in the argument there, and on that account no exception is taken in this court, by reason of this imperfection in the finding of the jury. The errors assigned refer exclusively to the question, whether interest should have been given by the jury.

The first of these is in these words : " That the court below erred in their opinion that the *proviso* in the agreement of the 4th December, 1810, had respect only to the interest that accrued before the principal became due." The remaining errors specified, are substantially the same, and need not be separately noticed.

Were the court below right in their construction of the agreement in regard to this proviso ? The operative words of the agreement are : the said *Troubat* " covenants to pay to *Hunter* &c. the sum of three hundred and sixty-one dollars and eighty-nine cents on the decease of the wife of the said *J. G. Hunter*" " with *lawful* interest on the said sum, *provided* the same shall not exceed eighteen months from the date hereof." The language might have been more explicit ; there can be little difficulty in the conclusion of the court below ; that " this proviso had respect only to the interest that accrued *before* the principal became due." What are the words ?—" to pay the three hundred and sixty-one dollars and eighty-nine cents *on the* death of Mrs. *Hunter, with* lawful interest on said sum, provided the same (*i. e.* the lawful interest) shall not exceed eighteen months" (interest.) The time of payment is the death of Mrs. *H.* This was an uncertain and future event ; if less than eighteen months intervened, interest for *such time* only could be recovered—and though it might be postponed for many years, yet the covenantor should be excused on payment of eighteen months interest only. That the parties so understood each other is evident from the endorsement on the agreement in 1820, (*after the lapse of the eighteen months from the date of the instrument and before the death of Mrs. Hunter,*) and this, on the authority of *Cooke* v. *Booth, Cowper's Rep.* 819, is entitled to much weight.

Will the proviso bear the interpretation contended for by Mr. *Troubat*, that but eighteen months interest could be exacted at the time of actual payment, or at least demand, be that never so long after the principal was due ? Surely the parties had in contemplation the performance of the agreement—the payment of the money, at the time fixed—Mrs. *Hunter's* death ; and they say expressly it is *then* to be paid *with lawful interest*. It was not by the agreement made the duty of either party to ascertain the moment of Mrs. *H.'s* death—and I know no exception to the rule of law which requires the debtor to pursue his creditor and make a tender if he wishes to be excused from interest.

But the proviso limiting the interest, could in no event be injurious to Mr. *Troubat*. It was altogether for his benefit. He, as the

agreement states, had the property in his possession at the date of this instrument, and retained this part (three hundred and sixty-one dollars and eighty nine cents) of the consideration in his hands. He had therefore, the use both of the lands and the money. *Shaller* v. *Brand.* 6 *Binney,* 437—and see 442. *Fasholt* v. *Reed,* 16 *Serg. & Rawle,* 268. *Hepburn* v. *Dunlop,* 1 *Wheaton,* 201—all concur, that the party being in possession of the land and deriving the profits of it is liable for interest. This is the ground of the decision below, as appears by the opinion filed with the record at the request of the defendant below.

The opinion of the court was delivered by

GIBSON, C. J.—English decisions are unsafe guides in questions of interest here. In those decisions an agreement for the payment of interest has seldom been implied from circumstances which are constantly submitted by our courts to the discretion of a jury; and that class of cases in which the allowance of it is of right, has been sensibly enlarged by us. At the common law, it was not allowed in actions of debt, the damages being merely nominal; but as the penalty of a forfeited obligation was strictly demandable at law as a debt, relief was had in equity on payment of a compensation for the detention of what was due in equity; and the same measure of relief prevails since the jurisdiction of the chancellor, in this respect, has been transferred to the courts of law. The consequence is, that interest is out of the question in England wherever there is no penalty at all, or one which is no greater in amount than the sum equitably due, because the relative inferiority or equality of the legal debt leaves no room for equitable intervention and the consequent imposition of terms. It might be supposed from what was said by the Chief Justice in *Obermeyer* v. *Nichols,* 6 *Binney,* 162, where a bond with a penalty was put as an instance of a debt bearing interest of course from the day of payment, that a single bill stands here, as it does in England, on a different footing. No distinction however is made in practice between a legal and an equitable debt, insomuch that interest is allowed even on a penalty where justice requires a compensation to be made for the detention of it; as is shown by *Perit* v. *Wallis,* 2 *Dall.* 255. In the analogous case of a promissory note, it was determined in *Jacobs* v. *Adams,* 1 *Dall.* 52; that interest runs from the day of payment, and the effect would be the same whether the recovery were in debt or damages. The rule however is supposed to be controlled in the present case by peculiar circumstances. The obligation was given for purchase money retained by the obligor till the dower of the obligee's wife should be extinguished by her death or release, and stipulated to be paid on the happening of either of these contingencies. No release was tendered; and the obligor insists he should be charged but from the period of actual knowledge of the death. But the obligation was

(Troubat *v.* Hunter.)

broken by failure to pay on the day of the death; of which, not being peculiarly within the knowledge of either party the obligor was bound to take notice at his peril.   A positive engagement to do a specific thing, is to be executed at all events; and even an obligation to perform on the doing of a specific act by the obligee, is forfeited, if not executed according to its terms, though notice of the precedent act be not given.   Various instances of this are given in *Com. Dig. L.* 9; of which, I shall refer in particular but to the case of *Fletcher* v. *Pynfett, Cro. Jac.* 102, in which the rule was applied to a condition to pay when the obligee should marry.   The day of payment, then, being determined by the actual contingency, interest runs from it, by our practice, of strict right.   It is said, however, that a particular equity may control the rule; and that detention till the obligor knows the debt to be demandable, cannot be vexatious or contrary to the will of the obligee whose supineness is strong evidence of acquiescence.   But *Shaller* v. *Brand,* 6 *Binney,* 435, was the case of a more plausible, yet unsuccessful claim to exemption.   There an agreement was filed for "judgment, *but no execution to issue* till the title of the land for which the bond was given, should be perfected by the plaintiff;" yet interest was allowed for the interval in which the money was not strictly demandable, the implication from that circumstance, of an intent to suspend the interest, being rebutted by the defendant's enjoyment of the profits, and the absence of proof that he had kept the money lying dead for a single hour.   Is not that, to say the least, the case before us? Granting it to be so in those respects, still the question is said to be settled by a stipulation in the obligation.   That, however, evidently relates to interest accruing between the date of the instrument and extinguishment of the dower; and not to interest that might accrue between default made and actual payment.   The object was to give the obligee a reasonable time to procure the release without compelling the obligor to hold the money at interest for an indefinite time; and neither party stipulated for more.   In every aspect of the case, then, it seems the interest was properly allowed.

                                        Judgment affirmed.