46      131
e 24 SC ²376

## Shaffer's Appeal.

*Liability of administrator to supplementary account, and for uncollected claim due to deceased.*

1. An administrator who receives assets of the estate of his decedent after he has filed an account, should file a supplementary account thereof: and if he neglects or refuses, he may be compelled so to do by citation from the Orphans' Court. A bill of review is not the proper remedy.

2. Where an administrator *d. b. n.* postpones the collection of a debt due by a debtor, who was solvent when letters of administration were granted, for several years and until the debtor's insolvency, he is chargeable therefor, and the debt is assets of the estate, for which he may be compelled to account by citation.

3. It was not a valid defence for the administrator that time had been given to the debtor by the widow and devisee of the deceased, where no definite extension of time was shown to have been fixed and granted by her.

APPEAL from the Orphans' Court of *Allegheny county.*

This was an appeal by John E. Shaffer, administrator, *cum testamento annexo,* of the estate of Jesse Doughty, deceased, from the decree of the Orphans' Court confirming the report of the auditor in the matter of his account as administrator.

Jesse Doughty died July 17th 1852, and by his last will devised his whole estate, real and personal, to his wife, Polly Doughty, during her life, and as much thereof absolutely as might be necessary for her support. The executor named in the will refused to act, and on the 3d August 1852, John E. Shaffer was, at the instance of the widow, appointed administrator, *cum testamento annexo.* On the 15th of July 1853, he filed with the register his account, showing a balance in his hands of $29.29, which was confirmed October 3d 1853, and to which no exceptions were filed. This account did not state on the face of it that it was a final account, but it had all the appearance of being a full and final settlement, and was so intended by the administrator. For several years after this settlement, Shaffer acted as the agent of the widow, Polly Doughty, in renting her property, collecting the rents, &c. On the 16th of December 1857, they had a settlement, when Mrs. Doughty gave him the following receipt :—

[Shaffer's Appeal.]

"Elizabeth, Dec. 16th 1857.

"Received of John E. Shaffer, administrator of the estate of Jesse Dougherty, deceased, and as agent for Polly Doughty, $38.61, in full of all moneys in his hands on settlement this day made, together with all the books, papers, and other property belonging to said estate in his hands."

On the 29th of May 1858, Polly Doughty presented her petition to the Orphans' Court, setting forth that Mr. Shaffer had neglected, in his inventory and settlement, to charge himself with a claim of the estate against William B. Walker of about $400, and praying for a citation to compel him to make a full settlement. On the 1st of July 1858, Shaffer filed an answer, in which he stated that his settlement of 1853 was a full and complete settlement of said estate as far as the same was under his control, and was so regarded and treated both by himself and the said Polly Doughty; that since the filing of said account he had received no money or assets of said estate; that after said settlement, and with full knowledge of the same, and regarding it as a final settlement of the estate, the said Polly Doughty had employed him as her agent in attending to her affairs, and that on the 16th of December 1857, he had settled in full with her; that the claim against William B. Walker had never been collected by him, because the widow had taken it into her own hands, as she had a right to do, being entitled to it by the will; had prevented him from collecting it; had given time to Walker, and collected part of it herself. He further set forth that, as his settlement in 1853 was a final settlement, he could not be called upon to file another account; but that if Polly Doughty had any cause of complaint, her remedy was by bill of review, or by suit on his administration bond. He therefore prayed the court to dismiss the citation at her costs.

The Orphans' Court ordered him to file another account embracing this and other claims, if any. In obedience to which he did, under protest, on the 27th December 1858, file an account, charging himself with the claim against Walker, and taking credit for it as lost; also taking credit for the expenses of filing the account, showing a balance in his favour of $17.12. To this account exceptions were filed by the widow, and it was referred to an auditor. The only matter in controversy was the Walker claim.

It appeared from the testimony that Walker was indebted to the deceased, on the 16th of May 1856, in the sum of $392.75, and that he was at that time up to January 1st 1857, solvent, and able to pay the claim. On the 23d of May 1857, Mr. Shaffer, as administrator, brought suit on this claim, and on the 15th of June following obtained judgment against him for $412.

[Shaffer's Appeal.]

The auditor reported that the claim was lost by the negligence of the administrator, and therefore charged him with it, and refused to allow him any costs or expenses.

Exceptions were filed to the auditor's report by Shaffer, but the court overruled the exceptions, and confirmed the report, which was the error assigned.

*White & Slagle*, for appellant.—The account filed in 1853 was, to all appearances, a final account. It was so treated by the accountant and the widow. The claim against William B. Walker existed before that account was filed; was known to the widow, and she knew that it was not embraced in that account. If there was any error or omission in that account, her remedy was by bill of review, and not by citation upon the administrator to settle another account. A citation might have been issued to settle for moneys or property which had come into the hands of the administrator since the former settlement, but not to account for an omission in that settlement: In re Seichrist, Bower's Appeal, 2 Barr 432; Hubley's Appeal, 7 Harris 138; Downing's Estate, 5 Watts 90; Witman's Appeal, 4 Casey 378.

An administrator who acts in good faith is liable to legatees only for gross and culpable negligence: Dillebaugh's Estate, 4 Watts 177; Calhoun's Estate, 6 Id. 188; Keller's Appeal, 11 Casey 296; Charlton's Appeal, 10 Id. 473.

The doctrine of Johnston's Estate, 9 W. & S. 108, is not controverted. If the administrator had wholly neglected for four years to take any steps to collect this claim, and it was then lost through the failure of William B. Walker, doubtless he would be liable. But the evidence proves that the administrator was eager and pressing for the claim, and would have collected it but for the interference of the widow, who was entitled to it under the will. But the auditor thought that because no specified time was given for the indulgence, the administrator was chargeable, inasmuch as he did not sue for the claim within six months after the indulgence had been given. But it was that very interference which stopped the administrator in his efforts to collect the claim that lost it. He delayed to proceed, at her request, and to favour her. He acted in perfect good faith, and, according to the doctrine in Keller's Appeal, should not be charged with the loss.

Besides, the fact of the settlement being made in 1853, and she making no complaint about this omission, which she knew at the time; her employment of Dr. Shaffer as her agent; the settlement she made with him in December 1857, and the receipt she then gave him; her receiving things from the store of Walker on account of this claim, and negotiating for the purchase of a lot of ground in settlement of it, prove that she had taken this claim into her own hands entirely, and never thought of

seeking to hold Dr. Shaffer responsible for it until she had lost it by her own neglect and indulgence.

*C. Hasbrouck*, for appellee.—It is admitted by the administrator that this claim against Walker was not contained in his first inventory, or account, and this is conclusive evidence against him that this claim had not then yet come to his knowledge.

But in 1856, it is found to be in his hands, as shown by his own affidavit, where he brought suit upon it about a year after.

The Orphans' Court was therefore right in requiring him, in 1858, to file an inventory and, account for it, as having come to his hands since his first account.

If he had collected the money from Walker in the suit brought in 1857, his account filed and confirmed in 1853 would not have protected him from accounting for it afterwards.

As to the loss of the claim against Walker, the receipt dated December 16th 1857, for "$38.61," did not refer to this claim. It was written by himself; the widow could only make her mark to it. He was acting as her agent, and she, confiding in him, would give any receipt he would ask. See Horton's Appeal, 2 Wright 296.

One of the witnesses testifies that Mrs. Doughty requested him to urge Shaffer to collect the money from Walker, before his failure, and when the witness spoke of it to Shaffer, he replied that "he had the power of settling up the estate, and he would do it just as he pleased."

The testimony of another shows that Mrs. Doughty urged Shaffer in 1855 to collect this claim, and expressed to him her fears of losing it; and that he replied, if Walker was good at any former time, he was yet; that she urged him then to sue it, and Shaffer promised her he would.

His answer is further disproved by the admitted fact, that in May 1856, he prepared an affidavit of claim preparatory to bringing suit on it, and in 1857 did bring suit on it, and obtained a judgment.

The auditor has found that this debt was lost through the gross and inexcusable neglect of the administrator. He should, therefore, be held to account for it.

The opinion of the court was delivered, November 2d 1863, by

THOMPSON, J.—All accounts filed by executors or administrators in the Orphans' Court in form final, are treated as such: Rhoads's Appeal, 3 Wright 186. But there is nothing to prevent a call on such representatives to file supplementary accounts, where goods, chattels, or moneys have come to their hands and possession afterwards, belonging to the decedent's estate. A bill of review never was sufficient for such a case.

[Shaffer's Appeal.]

We are therefore of opinion that the Orphans' Court proceeded according to law in citing the appellant to file his account of the debt due the estate of Jesse Doughty, deceased, by Walker, for which he recovered judgment nearly four years after the settlement of his first account in the Orphans' Court. His affidavit of claim preparatory to bringing suit was made about a year before suit brought. There was no pretence of denial of the official character in which these proceedings were had, or that the accountant had ever been discharged as administrator. It was right, therefore, to call on him to settle an account for these assets.

We have also carefully examined the auditor's report, upon the exception to the claim of the accountant, for a credit of the amount of the claim against Walker, on the ground that he was insolvent and the debt desperate. The auditor was of opinion that the debt was lost by the negligence of the accountant, and charged him with it. We discover no error in this. It would seem from the testimony that Walker was solvent from the death of decedent until within five or six months of the time judgment was obtained. It might therefore have been collected years before suit was finally brought. The accountant was not justifiable in postponing the collection by anything Mrs. Doughty said or did in the premises. But supposing she might have made such an agreement to give Walker time as would estop her from calling on the administrator to account for it, it being lost by insolvency in the mean time, it is enough that she did not give him any fixed period of time. So that the administrator might have proceeded to enforce payment of the debt the next hour after what occurred between Mrs. Doughty and the agent of Walker. For these reasons the decree is affirmed at the costs of the appellant.