## Marsteller's Estate.

*Decedents' estates—Executors—Accounts—Assets received after filing account—Citation for supplemental account.*

Where an executor's account has been confirmed and distribution made, and subsequently judgments in favor of the decedent and against one of the executors, which were held by a bank as collateral, are assigned to the executors who satisfy the judgments, it is error for the orphans' court, on petition of a legatee, to refuse to cite the executors to file a supplemental account covering the amount of the judgments.

There is nothing to prevent a call upon the executors to file a supplemental account where goods, chattels and moneys have come

into their hands after filing their first account. The account is conclusive only as to those matters accounted for.

The orphans' court has exclusive jurisdiction pertaining to the settlement and distribution of an estate, including the claims of creditors, legatees and the next of kin.

Argued March 14, 1921. Appeal, No. 16, March T., 1921, by Mary S. Waters, from order and decree of O. C. York County refusing prayer for citation to Margaret Mary Marsteller and J. Y. Cowhick Marsteller, executors of the last will and testament of John Marsteller, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Petition for citation to file supplemental account. Before ROSS, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was the order of the court.

*Charles A. Hawkins,* and with him *James J. Archer,* for appellant.—An account is only conclusive for the matters therein and the executors may be made to file a supplemental account for cause shown: Irvine's Est. (No. 2), 209 Pa. 325; Chambers's Est., 11 Pa. 443; Witman's and Geisinger's Appeal, 28 Pa. 376; Shindel's App., 57 Pa. 43; Leslie's App., 63 Pa. 355; McLellan's App., 76 Pa. 232.

*W. B. Gemmill,* for appellee.—The confirmation of the first account is conclusive of everything contained in it and every objection which might have been made at that time: Borell's Est., 25 District Rep. 430; May's Est., 25 District Rep. 608; Smith's Est., 25 District Rep. 683; Miller's Est., 25 District Rep. 777; Gibble's Est., 71 Pa.

Superior Ct. 214; Groff's Appeal in Eby's Est., 45 Pa. 379.

OPINION BY TREXLER, J., April 18, 1921:

John Marsteller who resided in Maryland, died testate, and ancillary letters of administration c. t. a. were granted by the register of wills of York County, to the executors named in the will, Margaret Mary Marsteller, and J. Y. Cowhick Marsteller. On January 26, 1913, they filed their account which account was confirmed finally, and distribution made by an auditor appointed by the court.

During his lifetime John Marsteller had endorsed a note of J. Frank Wolf for two thousand dollars, and one for his son J. Y. Cowhick Marsteller for two thousand dollars, said notes being held by the First National Bank of Delta, Pennsylvania, and upon the demand of the bank for further security he deposited as collateral, two notes of the said J. Y. Cowhick Marsteller, one dated April 1, 1902, payable to the order of John Marsteller for one thousand dollars, and one note dated April 1, 1902, for a like amount; the first being payable one year after date, the second, two years after date. These notes contained warrants to enter judgment, and on May 15, 1911, judgments were entered in York County and became liens on the real estate of J. Y. Cowhick Marsteller in said county. On August 12, 1913, the indebtedness of the decedent, John Marsteller, was paid through the settlement of his estate in Maryland, and the First National Bank of Delta reassigned the notes to Margaret Mary Marsteller and J. Y. Cowhick Marsteller, executors of the will of John Marsteller, deceased. On August 21, 1913, the executors satisfied the said judgments of record. On December 16, 1918, Mary S. Waters, a daughter of the decedent, and one of the legatees named in his will, presented a petition to the court asking that a citation issue, commanding said executors to file a supplemental account charging themselves with said two

judgments and interest thereon. There was an answer filed which set out in short, that the account was final; that the courts of Pennsylvania had no jurisdiction, the decedent's domicile having been the state of Maryland, and that there was nothing due to the estate on said judgments, they having been given merely for the accommodation of the decedent, and without consideration.

The court refused the citation stating in its opinion that under Cutler's Est., 225 Pa. 167, and Cooper's Est., 263 Pa. 40, the orphans' court had no jurisdiction over the subject-matter of the controversy. We do not think these cases analogous. The question before us is not as to the title of the judgments. When the judgments against J. Y. Cowhick Marsteller were reassigned to the executors, prima facie, they were due and owing and assets in the hands of the executors. They were an acknowledgment of indebtedness under seal. That they had been deposited as collateral, did not divest the title of the decedent except to the extent required for the pledge, and when that was cancelled his title was clear. Any one interested in the estate had a right to have the matter determined. If the maker gave the notes as an accommodation, that may be a defense to the notes, but it does not vest title in him. The orphans' court has exclusive jurisdiction pertaining to the settlement and distribution of decedent's estates, including the claims of creditors, next of kin and legatees: Linsenbigler v. Gourley, 56 Pa. 166. Cutler's Est., supra, has never changed this. In Schnepf's Est., 48 Pa. Superior Ct. 580, cited by the lower court, the controversy arose between the estate and an outsider who was the transferee of the stock which it was claimed belonged to the decedent. If the present contest were between the bank of Delta and the executors, the cases would be analogous. In Schnepf's Estate the stock was "never in the possession or control of the administrator." When the question is whether a certain asset belongs to the estate or some one else, there a different question is presented, and the common pleas

377, (1921).] Opinion of the Court.

is the proper forum to determine the title to such property. There are many cases where executors have been surcharged for failure to collect claims or to charge themselves with amounts that they owe to decedent: P. & L., Dig. of Dec., Vol. 7, Col. 11495. There is no question about the jurisdiction of the orphans' court in such matters. The law vests in the executors the legal ownership of the personal property of decedent, and they must therefore account for it, or show why they are relieved from such duty. The satisfaction of the judgments by the executors did not change the status of the parties at all. It is a familiar principle when the hand which is to pay is also to receive, that that is payment in law. When J. Y. Cowhick Marsteller was appointed executor, the debts if any owing by him to the decedent were cancelled, and in their place he was required to account for the amount of the same: Pusey v. Clemson, 9 S. & R. 204. This principle of law being founded upon the view that a man cannot be both creditor and debtor at the same time.

The position taken that the account filed was final, cannot be maintained, for such account is only final as to matters contained therein. There is nothing to prevent a call upon the executors to file a supplemental account where goods, chattels, and moneys have come into their hands afterwards: Shaffer's App., 46 Pa. 131. The account is conclusive only as to those matters accounted for: Schaeffer's App., 119 Pa. 640.

As to the question of jurisdiction, as far as the facts are presented on the record, we see no objection to the court assuming control of the case. It appears that there are no debts in the former domicile of the decedent, and the court has within its grasp the subject-matter of the controversy: Dent's Appeal-Adlum's Est., 22 Pa. 514; Parker's App., 61 Pa. 478; Welles's Est., 161 Pa. 218; Mackin's Est., 11 W. N. C. 207; Willing v. Perot, 5 Rawle 263.

There is no hardship in requiring these executors to file an account. Their rights in the matter so far as costs are concerned may be protected by the court. It may require the petitioner to enter security for the payment of such costs of audit and account as may arise in case the executors are not legally chargeable with them.

The order is reversed. Appellees for costs. The record is remitted and the court below is directed upon the petitioner (the appellant) complying with such order (if any) the court may make as to costs, to issue an order on the executors (the appellees) to file a supplementary account as prayed for.