## Knoblauch v. Kiesel.

*Oliver Lentz*, for Agnes Hoechner, petitioner.
*Samuel E. Bertolet*, for plaintiff.

SCHAEFFER, P. J., July 22, 1929.—The plaintiff, Tobias Knoblauch, has obtained a judgment against the two defendants, who are husband and wife, for the sum of $4000 upon a note signed by both. He has issued execution and is proceeding to make his money out of the individual property of Margaret Kiesel, as devisee and legatee under the wills of Peter Shipper, deceased, and of John V. Shipper, deceased, whose estates are in process of settlement in the Orphans' Court of this county, which court has appointed a trustee to sell the real estate of said Peter Shipper, deceased.

Agnes Hoechner also has a judgment for the sum of $800, entered subsequently to that obtained by Knoblauch, against said Ludwig and Margaret Kiesel. This judgment was also obtained upon a note executed by both defendants. Said Agnes Hoechner has presented her petition, reciting the above facts and the fact that the defendants are owners of certain real estate by the entireties, and that neither of them has any individual property except the wife's interest in the two Shipper estates, and praying that the lien of the Knoblauch judgment be limited to the property held by the defendants as

tenants by the entireties, or at least that Knoblauch be required to exhaust said joint property before proceeding against the separate property of Margaret. The petition sets forth that the petitioner is advised that her judgment is not a lien upon the estates by the entireties, and that unless Knoblauch be compelled to have recourse to that property, he will exhaust the individual estate of Margaret and thereby prevent petitioner from recovering her debt.

The plaintiff, Knoblauch, has replied by obtaining a rule for the dismissal of the petition upon the ground that, as it appears from the petition itself that the assets from which Knoblauch is seeking to make his money are at the present time within the jurisdiction of the Orphans' Court, this court can have no jurisdiction to interfere therewith.

The plaintiff's contention must be sustained. By the Orphans' Court Act of June 7, 1917, § 9, P. L. 363, the Orphans' Court is entrusted with the distribution of assets of estates of decedents among creditors and others interested and is given all control of executors, administrators, &c., in the possession of, or accountable for, any real or personal estate of a decedent. This jurisdiction is plenary and exclusive and is not to be interfered with by the Court of Common Pleas. See Long's Estate, 254 Pa. 370, 374, and Marsteller's Estate, 76 Pa. Superior Ct. 377, which, although prior to the Act of 1917, state the established principle.

In passing, we may say that nothing appears upon the record to sustain the conclusion that the petitioner's judgment, based upon a note signed by husband and wife, is not also with the Knoblauch judgment a lien upon the estates by entireties. The absence of the words "husband and wife," or words to that effect, cannot affect the result. A conveyance to a man and woman who are in fact husband and wife, although not so designated in the deed, creates in both an estate by entirety: Raible's Estate, 10 D. & C. 747, and cases cited. No question being raised under the Act of 1893, the presumption must be that a judgment against a man and woman who are in fact husband and wife is a lien against, and is collectible out of, any property held by them as tenants by the entireties.

And now, to wit, July 22, 1929, the petition of Agnes Hoechner is dismissed, at her cost.

From Charles K. Derr, Reading, Pa.