## Feodor's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Chester C. Hilinski,* for Consulate General of the Republic of Poland.

*Barnes, Dechert, Price & Smith,* for exceptant.

*William C. A. Henry,* contra.

KLEIN, J., June 8, 1945.—We do not challenge the right of the Consulate General of the Republic of Poland to appear as attorney-in-fact for Wojciech Feodor, decedent's brother, a citizen of Poland, in accordance with the provisions of the Treaty of Friendship, Commerce and Consular Rights in existence between the United States of America and the Republic of Poland. The Consulate General succeeds to and becomes possessed of all the rights and interest which its national has in the estate of decedent. The rights of the Consulate General cannot, however, rise higher than the

rights of the Polish citizen it is representing in these proceedings.

Although there can be no question that the making of treaties and other contractual agreements between the United States of America and foreign nations is solely within the province of the Federal Government, it is equally clear that the regulation of the title and devolution of property within the limits of this State is exclusively within the control and jurisdiction of the Commonwealth of Pennsylvania. See In re Escheat of Moneys in Custody of United States Treasury, 322 Pa. 481 (1936). In Pennsylvania the orphans' court has exclusive jurisdiction in all matters pertaining to the settlement and distribution of the estate of a decedent, including the claims of creditors, legatees, and next of kin: Marsteller's Estate, 76 Pa. Superior Ct. 377 (1921). Within the scope of its jurisdiction the orphans' court has and should exercise all the powers of a court of equity: Nimlet's Estate, 299 Pa. 359 (1930) ; Slagle's Estate, 335 Pa. 552 (1939). The next of kin and other distributees of a decedent's estate are in a sense wards of this court and entitled to our fullest protection.

The burden is upon those who claim kinship to a decedent who died intestate to prove their relationship by a fair preponderance of trustworthy and satisfying evidence. See Link's Estate (No. 1), 319 Pa. 513 (1935). But since it is necessary for the next of kin to survive decedent in order to participate in the distribution of his estate, the burden falls upon him and those claiming for him or through him to establish the fact of survivorship. The Polish Consulate General has failed to meet this burden.

It is true that, ordinarily, having established the existence of the brother, Wojciech, in Poland, a presumption would arise in favor of his continuance in life. However, the effect of the war on the lives of the residents of Poland has created a situation which cannot

be fairly judged by rules made to apply to normal times of peace.

Wojciech Feodor was last heard from on March 6, 1939, at which time he was a resident of Lublin Province, Poland, and was 78 years of age and unmarried. Decedent died October 17, 1943. If Wojciech was alive at that time he would have been over 82 years of age. The tragedy which was inflicted on the people of Poland between 1939 and 1943 constitutes one of the blackest pages in the history of mankind. Murder, starvation, sadistic tortures, and wholesale extermination was visited on these innocent people by a ruthless invader. All of Poland, and particularly the Province of Lublin, was a bloody battlefield. To ignore all of this and to say that a presumption exists that an aged man of 78 survived this holocaust for 4½ years would be flying in the face of the cruel realities of the situation.

If we were to accede to the demands of the consul and award the fund to him, we would be delegating to him the duties and responsibilities which are placed upon us by the laws of this Commonwealth. It is for us and not for him to decide, judicially, upon presentation of competent evidence, whether Wojciech Feodor was alive on October 17, 1943. If we are satisfied that he did, in fact, survive his brother, the decedent, we can then award the funds to him or his proper representative. If we reach the conclusion that he did not survive his brother, we will award the fund in dispute to the surviving next of kin entitled to take under the Intestate Act of June 7, 1917, P. L. 429. It would be an imposition upon the relatives living in this country to delegate our responsibility to the Polish Consulate General and thereby place them in a position where they might be compelled to institute involved and costly proceedings to recover what might be rightly theirs.

In our opinion the auditing judge's disposition of the problem was both wise and practical. None of the rights of the Polish Consulate General are prejudiced.

With the cessation of hostilities in Europe, it should not be difficult to obtain proof as to whether Wojciech Feodor was alive or dead on October 17, 1943, the date of his brother's death. In the meantime, this decedent's estate remains under the full control of this court.

The exceptions are dismissed and the adjudication confirmed absolutely.