## EASTON WHITTON

### *v.*

## JOHN H. BARRINGER.

MONEY HAD AND RECEIVED. Where the principal maker of a promissory note paid the amount due thereon to the administrator of the estate of his surety, on his pretense that the estate was liable for it, and the same had been allowed against the estate: *Held*, in an action by the payee and holder of the note against the administrator, individually, for money had and received to his use, that the defendant could not lawfully withhold such money, and that the plaintiff was entitled to recover the same.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of assumpsit, by John H. Barringer against Easton Whitton, declaring for money had and received by defendant to the plaintiff's use.

It appeared one Brown, as principal, and Cundiff, as surety, executed their note to the plaintiff for $140, bearing ten per cent interest. Cundiff died, and Whitton, the defendant,

administered on his estate, and procured Brown to pay him $185 to discharge the debt which had been allowed against the estate. He refused to pay the same to the plaintiff, contending that it was estate money and that plaintiff should receive his *pro rata* share of his debt, the estate not being solvent. The plaintiff recovered judgment for $190.43, and the defendant appealed.

Messrs. PHILLIPS & TRUITT, for the plaintiff in error.

Per CURIAM: It is incontestable, that the money received from Brown by the appellant, belonged, in justice, equity and of right, to appellee, and it should have been paid to him on demand made for that purpose by him. Appellant got possession of the money on the pretense that his intestate was liable for it, and the note had been proved up against the estate. The estate had not paid the note. Brown was liable for it as principal, and to satisfy it, he paid the money to appellant, who now refuses to apply it to the note. In this he has no lawful justification.

The money, *ex equo 'et bono*, belongs to the appellee, and the judgment must be affirmed.

*Judgment affirmed.*