HENRY H. SIBLEY *vs.* COUNTY OF PINE, impleaded, etc.

November 12, 1883.

| 31 | 201 |
| 40 | 262 |
| 40 | 522 |

| 31 | 201 |
| 75 | 26 |

**Attorney's Lien Assignable.**—The lien of an attorney for his compensation upon a judgment (Gen. St. 1878, *c.* 88, § 16) is assignable.

**Action for Money had and received—Nature and Requisites.**—Where one person has received or obtained money of another which he has no right to retain, an action against him can be maintained by the person to whom it rightfully belongs, although the party from whom the defendant received it paid it to him without authority, and the plaintiff might still have his remedy against him; following *Brand* v. *Williams*, 29 Minn. 238.

**Same—For Money received by a County without Authority.**—It is immaterial that, in this case, the board of county commissioners had no authority to receive or collect this money. The obligation of the county to repay it does not depend upon the authority of such board to collect the money, but arises from the moral obligation resting upon every person, natural or artificial, to make restitution when they have received the money of another, which they have no right to retain. *Borough of Henderson* v. *County of Sibley*, 28 Minn. 515.

**Money received by Mistake—Interest after Demand.**—Where a party has received or acquired the money of another by mistake *merely*, without fraud, the general rule is that interest does not run upon it until the party, in whose possession it is, is put in default by a demand by the party to whom it is justly due, in which case, if the money be not returned after demand, interest begins to run.

Appeal by the county of Pine, (impleaded with Don L. Willard, late county treasurer, and the trustees of school-district No. 3,) from a judgment of the district court for that county, *McCluer*, J., presiding.

*L. H. McKusick*, for appellant.

*William Barrett*, for respondent.

MITCHELL, J. The facts as found are that William Barrett, an attorney and counsellor at law, had, under the statute, (Gen. St. 1878, *c.* 88, § 16,) a lien for his compensation upon a judgment procured by him in favor of one Don L. Willard against school-district No. 3,

of Pine county, to the full amount of such judgment, of which fact he had duly notified the judgment debtor. He then assigned his claim, together with his lien upon the judgment, to the plaintiff. Subsequently, in December, 1878, the school-district, supposing the defendants owned the judgment, paid the amount to them, and received what purported to be a satisfaction of the judgment. Although the fact was not explicitly found by the court, yet it appears to be conceded in appellant's brief, and we shall therefore assume it as a fact, that the amount was paid into the county treasury, and that the county has had the benefit of it. The plaintiff now brings this action to recover the amount from the county.

1. Barrett's lien was assignable. There being nothing in the lien-right in the nature of a personal trust, there is no distinction in this regard between an attorney's lien upon a judgment and the lien of a mechanic or material-man. Where the lienholder is intrusted, as a personal trust, with the property bound by the lien, as would be the case where the papers of a client have come into the possession of his attorney in the course of his professional employment, an entirely different case would be presented, which we do not now consider. But no such element of personal trust existed in the present case. The lien was merely security for the debt. There is nothing in public policy, or in the language or policy of the statute creating these liens, which forbids their being assigned. A debtor cannot be injured by such assignment, while the creditor will lose part of the benefit of his lien if he cannot assign it. To hold such liens assignable is to follow all the analogies of the law.

This position is not only, in our opinion, sound in principle, but abundantly sustained by authority. This court has so held in the case of a mechanic's lien. *Tuttle* v. *Howe*, 14 Minn. 113, (145.) In principle that case is decisive of this question. Other courts generally hold the same doctrine. *Iaege* v. *Bossieux*, 15 Grat. 83; *Kerr* v. *Moore*, 54 Miss. 286; *Jones* v. *Hurst*, 67 Mo. 568; *Davis* v. *Bilsland*, 18 Wall. 659; *Rogers* v. *Omaha Hotel Co.*, 4 Neb. 54; *Skyrme* v. *Occidental Mill & Min. Co.*, 8 Nev. 219; *Murphy* v. *Adams*, 71 Me. 113. The same thing has been held by the federal courts as to maritime liens. *Hull of a New Ship,* Daveis, (or 2 Ware,) 199; *The Sarah J.*

*Weed,* 2 Lowell, 555. The doctrine is also generally supported by the text-writers. Phillips on Mech. Liens, § 55 ; Kneeland on Mech. Liens, § 7. Indeed, the doctrine of those cases which held that such liens were merely personal privileges and incapable of being assigned, may now be considered entirely exploded.

2. The right of plaintiff to recover is not affected by the fact that there is no privity between plaintiff and defendants, and no promise on the part of the latter to pay, other than that which arises or is implied from the fact that they have plaintiff's money, which they have no right to retain. Nor is the right of plaintiff to maintain this action affected by the fact that he might still have his remedy against the school-district which paid the money without authority. *Brand* v. *Williams,* 29 Minn. 238.

3. Neither is there any force in the suggestion that the county cannot be held liable because the acts of the county board in collecting the judgment were unauthorized. The obligation of the county to repay does not depend upon the authority of the county board to collect the money, but arises from the moral obligation, resting upon every person, natural or artificial, to make restitution where they have received without consideration the money of another, which they have no right to retain. *Borough of Henderson* v. *County of Sibley,* 28 Minn. 515.

4. The only remaining question is whether the defendants are chargeable with interest on the money from the date they received it, December 23, 1878. The court below finds that defendants were not authorized to receive or collect this judgment; that it was paid and received "under a mistake." We understand this to mean that defendants were not the parties entitled to it, but that they collected it, supposing they had a right to it. The court nowhere finds that it was collected fraudulently, or with any wrongful intent, or that defendants even had any knowledge of plaintiff's rights. Neither does it appear that plaintiff ever demanded it of defendants until the commencement of this action. The case as presented is, therefore, one where a party receives the money of another, honestly supposing it to be his own. In such a case interest should not be charged until the party has been put in default by a demand upon him for payment,

and his refusal. To render a person chargeable with interest there must be a promise, express or implied, on his part to pay it, or some default of duty on his part in retaining the money. In this case there was neither until the commencement of this action.

The general rule is that in all cases where the money of another is received or acquired by mistake *merely*, without fraud, interest does not run upon it until the party in whose possession it is, is put in default by a demand by the party to whom it is justly due, in which case, if the money be retained after demand, interest begins to run. 2 Story on Contracts, § 1491, and cases cited; 3 Parsons on Contracts, 102; 1 Sutherland on Damages, 621; *Jacobs* v. *Adams*, 1 Dall. 52; *Brown* v. *Campbell*, 1 Serg. & R. 176; *Boston & S. Glass Co.* v. *City of Boston*, 4 Met. 181; *Passenger Ry. Co.* v. *City of Philadelphia*, 51 Pa. St. 465; *Dodge* v. *Perkins*, 9 Pick. 368.

The court was, therefore, in our judgment, in error in charging defendants with interest from December 23, 1878. Under the facts found, interest should only have been charged from March 6, 1882, the date of the commencement of this action as shown by the record. The cause is remanded, with instructions to the court below to modify its judgment in accordance with this opinion.

---

To the foregoing opinion the following was subsequently added:

MITCHELL, J. An inspection of the record discloses the fact that we erred as to the date of the commencement of this action. It was commenced August 22, 1881, instead of March 6, 1882. The opinion is therefore modified so as to allow the plaintiff interest from August 22, 1881.

Ordered accordingly.