R. C. LIBBY *vs.* ABE JOHNSON.

July 18, 1887.

**Trover and Conversion—Lost Logs.**—A corporation had been, for a series of years, with the general consent of log-owners interested, engaged in collecting, and safely securing in booms, the lost or scattered logs of such owners on a public stream, and thereafter, upon demand, the same were turned over to or distributed among the owners of the several marks, upon payment of the charges of the corporation in pursuance of reasonable regulations, well known and established, and generally acquiesced in. One who, with full knowledge, consents to such arrangement, and from year to year suffers the scattered logs bearing his marks to be so gathered up and disposed of, is bound by such regulations; and where he accepts and receives as his own, logs of his mark which he had previously sold, or their equivalent in other logs turned out to him by the corporation in pursuance of such regulations, and sells and converts the same into money, he is liable to an action by the true owners as for money received to their use.

The plaintiff brought this action in the district court for Washington county, to recover the proceeds of logs of plaintiff, which had been received by defendant from the St. Croix Boom Corporation, and by him sold. The action was tried before *McCluer,* J., without a jury, and judgment ordered for plaintiff. Defendant appeals from an order refusing a new trial.

*C. P. Gregory,* for appellant.

*Searles, Ewing & Gail,* for respondent.

VANDERBURGH, J.[1] The plaintiff's assignors purchased of the defendant, in the fall of 1880, a quantity of pine logs, amounting to 1,646,539 feet, which bore the defendant's marks, and were securely

[1] Berry, J., because of illness, took no part in this case.

rafted by the purchasers. In the spring of 1881 the rafts were broken up by a severe storm. The court finds that there were collected of these logs soon after, and re-rafted by the plaintiff, all but 143,635. feet thereof, which were scattered beyond their reach, in Lake St. Croix, below the city of Stillwater. Of these it is also found by the court that 122,105 feet were thereafter, and before the commencement of this action, picked up and collected by the St. Croix Boom Corporation, and delivered or accounted for to the defendant as his property, and that he has actually sold and received the avails thereof in money, to recover which this action is brought. The principal matters in controversy are questions of fact, which we think were determined by the court upon sufficient evidence to uphold the findings made. That there was a completed sale and delivery of the logs first described, of which the last mentioned are found to be a part, is admitted by the answer, though no new mark was placed upon them.

It appears and is found that, for more than 10 years prior to the purchase of these logs, the St. Croix Boom Corporation, having the proper outfit and booms for such purpose, have, from year to year, made it their business to pick up and secure the scattered logs in the lake, and along the shores thereof, and this has been done for the general convenience and by the common consent of all lumbermen whose logs have been lost or scattered in Lake St. Croix, and the logs so picked up each year are placed in the booms of the company, and scaled by the surveyor general. A general scale-bill, representing the marks of the logs, is posted as an advertisement, and thereafter, for the space of 15 days, the owners of the logs may, in conformity to the regulations of the company, remove logs of their own mark or marks; and thereafter logs are delivered from the common mass according to the amount or proportion due each owner; and this arrangement for securing and disposing of such logs appears to have been carried out, and to have been acquiesced in by the log-owners. generally, including the defendant, during the years 1881, 1882, and 1883, in question here. The evidence tends to show that the usage was general, and there is no suggestion that any owner whose logs were collected by the corporation at any time raised any objection to the regulations of the company for the disposition thereof, or failed

or refused to accept his proportion in conformity therewith. The evidence very clearly shows that the defendant acquiesced in and became a party to such arrangement, and that he received and sold, through his agents, all logs bearing his marks which were so collected during the years mentioned; they or their equivalent being delivered to him from the boom of the company, in pursuance of its regulations, as and for the amount due him, and that he received the proceeds thereof in money. Those who accept the voluntary agency of the corporation under such circumstances are presumed to consent to and are bound by its established and well-known regulations for carrying on the business. The evidence also tends to prove that of the 143,635 feet of logs lost and missing from the plaintiff's rafts, the amount of 122,105 feet were recovered, and turned over to defendant, and that he received therefor the sum of $909.68, as found by the court.

The title to the logs in controversy is admitted to have passed to the assignors of plaintiff by the alleged sale. It is only a question of identification as respects the amount thereof which defendant obtained and sold. His acquisition thereof, through the boom company, barred plaintiff's right to claim the same of the latter. Plaintiff's right of action seems, therefore, clear, if the evidence is sufficient to sustain the findings, and we think it is.

2. The several scale-bills made by the surveyor general were properly received in evidence. They were *prima facie* evidence of the quantity of logs of the several marks surveyed by him at the different dates and places therein referred to. *Clark* v. *C. N. Nelson Lumber Co.*, 34 Minn. 289, (25 N. W. Rep. 628.)

3. The action is properly brought, and may be maintained as for money had and received. Where a person has received money for property belonging to another, and which, *ex æquo et bono*, he has no right to retain, an action for money received will lie. 4 Wait, Act. & Def. 471, and cases.

Order affirmed.