HOMIRE V. RODGERS.

1. **Pleading:** AVERMENT BY NECESSARY INFERENCE, A material fact may be pleaded either by express averment, or by the averment of other facts from which the material fact is a necessary inference. (See opinion for examples.)

2. **Payment:** TO STRANGER: RATIFICATION BY ACTION FOR MONEY. Where certain persons owed plaintiff, but by the false representations of defendant they were induced to pay the money to him, *held* that plaintiff could maintain an action against him for the money, because, by the very act of bringing the suit, he ratified the payment to defendant, and elected to look to him alone for the amount.

3. **Burden of Proof**: UNNECESSARY AVERMENT IN ANSWER. Plaintiff's intestate took cattle to pasture for the season, and turned them into a pasture leased of defendant. Defendant, claiming that he had a lien on the cattle for the rent of the pasture, collected from the owners the full amount due from them for the pasturage. Plaintiff brought this action to recover the alleged excess of the money thus collected above the rent of the pasture. Defendant in his answer pleaded affirmatively that the money collected was no more than the agreed rent. *Held* that this allegation was unnecessary, and that it was error to instruct that defendant had the burden of proof to establish it.

*Appeal from Adair District Court.*—HON. J. H. HENDERSON, Judge.

FILED, MAY 11, 1888.

ACTION to recover an amount of money collected, as is alleged by defendant, for plaintiff's intestate. There was a verdict and judgment for plaintiff. Defendant appeals.

*Gow & Hager*, for appellant.

*D. W. Church*, for appellee.

REED, J.—It is alleged in the petition that plaintiff's intestate received into his possession in May, 1882, about two hundred and sixty head of cattle belonging to other parties, which he undertook to herd during the season for the price of forty cents each per month ; that he afterwards, on the ninth of July, contracted with defendant for pasturage for said cattle, and, in pursuance of such contract, turned them into defendant's inclosed pasture, where they remained until the end of the season; that, when the owners applied to defendant for their cattle, he represented to them that, under his contract with the intestate, he was to receive two dollars per head for the pasturage of the cattle for the time they were in his pasture, and asserted a lien on the cattle for that amount; and that the owners, relying on that statement, paid to him the amount demanded, which was the sum due to the intestate from the owners

for herding and caring for the cattle during the whole season; and that the amount so demanded and collected by defendant was in excess of the amount due him under his contract with the intestate; and the prayer is for judgment for the amount of such excess. On the trial the only contested question of fact was whether, under the contract between the intestate and defendant, the latter was. to be paid two dollars per head for the pasturage of the cattle for the time they were in his inclosure, or at the rate of two dollars per head for the season, which would be forty cents a month.

I. Defendant moved in arrest of judgment, the grounds of the motion being that no cause of action is stated in the petition, in this, that it is not alleged either that the statement made by defendant to the owners of the cattle as to the amount that was due him under the contract was false, or that anything was due to the intestate from the owners, under their agreement, when the payments were made to defendant. We are of the opinion that the motion was properly overruled. The amount of money received by defendant, as shown by the petition, was four hundred and eight dollars, and it is alleged that the amount due him under the contract was but $277.56. Now, while it is not expressly averred that his statement as to the amount which was due him was false, the falsity of the statement is shown by these averments as to the amount claimed and the amount actually due. The falsity of a statement or representation may be pleaded either by an express averment, or by a statement of facts showing that it is false. It is not expressly averred that anything remained due the intestate from the owners of the cattle when they made the payments to defendant; but it is averred that they agreed to pay him forty cents per month for the pasturage of each animal, and that the cattle were pastured during the season under that contract, and that the money was paid over to defendant in pursuance of the contract. In effect, that is an averment that the

1. PLEADING: averment by necessary inference.

amount paid to defendant was due to the intestate under the contract.

II.   Defendant asked the court to instruct the jury, in effect, that plaintiff would not be entitled to recover, even if the amount collected by defendant

**2. PAYMENT:** to stranger: ratification by action for money.

from the owners of the cattle exceeded the sum he was entitled to receive under his contract with the intestate.   The court, however, refused to give such instruction, but told the jury that, if defendant collected the money from the owners of the cattle on the representation charged, and the amount received by him was in excess of the amount which was due him under his contract with the intestate, he was liable to plaintiff for the amount of such excess. The position urged by counsel for appellant is that the representation as to the amount due is, if false, a wrong which affected only the owners of the cattle; and the liability therefor is to them, and not to plaintiff.   If the liability of the owners of the cattle to the intestate was not discharged by their payment of the money to defendant, and the matters occurring subsequently to such payments, it would be true, doubtless, that whatever right of action arose out of the payment accrued in favor of the parties making it; and it may also be conceded that they could not discharge their liability to the intestate by paying the amount they were owing him to another without his consent.   But it is to be borne in mind that the payments were made, not in discharge of any indebtedness of the parties to defendant,—for they owed him nothing,—but because of their liability to the intestate; that is, defendant, by receiving the money from the parties, assumed to collect the amount of their indebtedness to the intestate, and apply the money so received in satisfaction of the indebtedness of the intestate to him.   Now, if the collection had been made by the direction or with the consent of the intestate, there would be no doubt but that the obligation of the parties to him would have been discharged by the payment, and it would be equally clear that defendant would be bound to account to him for the money; and the same result

would follow if there was a subsequent ratification of the act by the intestate. But he did ratify it by bringing this action against defendant for the recovery of the money; for by that act he elected to look to him alone for the amount. He thereby recognized the payment as having been made in discharge of the liability of the owners of the cattle to him; and their obligations arising under the contract must now be regarded as fully satisfied.

III. The district court instructed that "if defendant collected the money, claiming that the amount collected was simply the amount that was due

3. BURDEN of proof: unnecessary averment in answer.

him for the pasturage, the burden was on him to establish that he was entitled to all the money so collected." We think this instruction is erroneous. It puts upon defendant the burden of proving the truth of the representation upon which the money was paid to him. Whether that representation is true or false, depends upon whether the contract between defendant and the intestate was as claimed by defendant or as claimed by plaintiff. Plaintiff alleged that, under the agreement between defendant and the intestate, the former was to receive but forty cents per month for the pasturage; but defendant claimed that he was to receive two dollars per head for the balance of the season, and he collected that amount from the owners of the cattle, and represented to them, when he made the collection, that that amount was due him. Now, the burden was on plaintiff to prove his averment, and its establishment would necessarily prove the falsity of defendant's claim. But, if the burden was on defendant to establish the truth of his claim, as the instruction holds, it follows that plaintiff was relieved of the burden of proving his allegation. The defendant pleaded affirmatively that, under the contract, he was to receive two dollars per head for pasturing the cattle; but he was not required to do that. The whole question as to what compensation he was to receive would have arisen under a general denial of plaintiff's averment. The affirmative allegation in the answer did

no more than raise that question; and the fact that the matter was pleaded in that form does not change the rule as to the burden of proof. For this error the judgment must be

REVERSED.