## KNOTT V. KIRBY.

1. A complaint by a sheriff, which states that defendant has collected fees belonging to plaintiff, which he refuses to pay on demand, states a cause of action.

2. An attorney who collects fees due the sheriff, taxed in favor of his client, is liable to the sheriff therefor, and cannot, by crediting his client with the amount thereof, deprive the sheriff of a recovery.

(Opinion filed May 12, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge

Action for money had and received. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

The complaint does not state a cause of action. 1 Estes Pl. § 642; Phillips Code Pl. 475. The language "No part of which has at any time been paid by the defendant, or his attorney, to the plaintiff" is the pleading of a negative pregnant. Pom. Code Rem., § 618; Abbott's Tr. Brief (on Pleading) § 586; 1 Chit. Pl. 613; Bliss Code Pl. § 332; Phillips Code Pl. § 361.

*Wm. A. Wilkes,* for respondent.

CORSON, P. J.   The plaintiff, who was formerly the sheriff of Minnehaha county, brought this action to recover of the defendant certain money which he claims the defendant received for his use and benefit in an action wherein one Reynolds was plaintiff and one Crosby was defendant.   Verdict and judgment for plaintiff, and the defendant appeals.

On the trial the defendant objected to the introduction of any evidence on the part of the plaintiff, on the ground that the complaint did not state a cause of action.   This objection was overruled, and we think the court was right in its ruling.   The complaint, after setting out the proceedings in the action of Reynolds against Crosby, contains the following allegation: "That thereafter, and on or about the 18th day of September, 1894, the defendant herein collected and received from the said plaintiff, William Reynolds, for the use and on behalf of this plaintiff, the said sum of $105, so as aforesaid allowed and taxed as sheriff's costs in said action of Reynolds v. Crosby, and defendant then and there, and prior to the collection of said costs, promised and agreed to collect and pay the same over to this plaintiff as his costs and fees in the said action number 5,282; and thereafter this plaintiff demanded and requested of the defendant herein, Joe Kirby, that he surrender and pay over to the plaintiff the said moneys, amounting to the sum of $105, but the said Kirby then and there refused, and still refuses, so to do."   Assuming the facts stated to be true, as we are required to do on demurrer, or when evidence on the trial is objected to on the ground that the pleading is insufficient, we are of the opinion that the complaint stated a cause of action.   If, as alleged, the defendant had in his possession money belonging to the plaintiff, it was his duty to pay it over on demand.

At the close of all the evidence the defendant moved the court to direct a verdict in his favor.   This motion was denied, and the defendant excepted.   We are of the opinion that the court ruled correctly in denying the motion.

A very brief statement of the facts will suffice for a proper understanding of the case. The action referred to was one in claim and delivery, in which a number of horses were taken by the plaintiff as sheriff and kept by him for a period of 30 days at an expense of $105. The defendant, Crosby, was successful in the action, and this bill of $105 expenses of the sheriff was, by consent of plaintiff, included in the bill of costs, and entered as a part of the judgment against the plaintiff in that action, was collected by the defendant herein, and credited by him to the account of said Crosby, defendant in that action. The plaintiff in this action testified that Reynolds sent him a check for these expenses, but that at the request of the defendant, who agreed he would collect this money for him, he did not accept the check. This evidence was disputed by the defendant and there was a conflict in the evidence as to what conversation occurred between plaintiff and defendant in regard to this bill. There was, therefore, evidence to be submitted to the jury upon the question as to what agreement was entered into between the parties as to the collection and payment of this bill, and in what capacity the defendant received the money. But, independently of this agreement, we think the defendant was liable as for money had and received to plaintiff's use. Primarily, Reynolds, the plaintiff in the claim and delivery action, was liable to the plaintiff herein for the expense of keeping these horses; but, he having paid the same to the defendant's attorney under the judgment, they must necessarily have been paid to him for the use and benefit of the plaintiff, as neither Crosby nor the defendant, Kirby, had paid the plaintiff these expenses, or any part of them. Reynolds having paid the judgment, as he was in law bound to do, in which these expenses must be presumed to have been legally included, he could not be required to pay them again. The plaintiff had no legal claim against Crosby, as he had not contracted any liability to the plaintiff originally, or by receipt of the money on the judgment as money which had been paid to him. The defendant, there-

fore, had in his hands $105 to which he had no legal right as against the plaintiff. The defendant could not, by crediting the amount to his client, Crosby, deprive the plaintiff of his fees. The judgment is clearly right, and the judgment is affirmed.