## DECHEN v. DECHEN.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. IMPLIED CONTRACTS—ACTIONS—MONEY HAD AND RECEIVED.
    Where a debtor wrongfully pays the money owing his creditor to a third person, the creditor may waive the tort, and sue the person receiving the money for money had and received.

2. SAME—COURTS—JURISDICTION.
    Under New York City Charter, § 1364, subd. 1 (Laws 1897, c. 378), giving a municipal court jurisdiction of actions for breach of contract, such court has jurisdiction of an action by a creditor, whose debtor has wrongfully paid the debt to a third person, to recover the money from such person, as on an implied contract.

Appeal from municipal court, borough of Richmond, First district.
    Action by Gilbert Dechen, an infant, by Katie Dechen, his guardian ad litem, against Ellen F. Dechen. From a judgment dismissing a complaint for want of jurisdiction, plaintiff appeals. Reversed.
    Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Frank H. Innes, for appellant.
James Burke, Jr., for respondent.

SEWELL, J. This action was brought to recover the sum of $147.86, which it is claimed the defendant had and received for the

use of the plaintiff. It is clear from the evidence in this case that the deposit made by the uncle of the plaintiff with the Northfield Building, Loan & Saving Association inured to the benefit of the plaintiff, and vested in him the right to demand and receive the same. The relation between the plaintiff and the association at the time the money was paid to the defendant was that of debtor and creditor. People v. Mechanics' & Traders' Sav. Inst., 92 N. Y. 7. And while the plaintiff could have repudiated the payment of the money to the defendant, and recovered the amount thereof from the association, he also had the right to adopt and ratify the act of the association in making the payment, and bring this action for money had and received, and recover it from her. Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172. This case is to be distinguished from one based upon the wrongful disposition of property, as where the money was absolutely the money of the plaintiff, left on special deposit, or one where a trustee, in breach of his trust, disposes of the trust property, and the plaintiff seeks to recover the property or the proceeds thereof; for it is not here claimed that the association paid over any trust moneys, or that the payment to the defendant was wrongful. The money paid was not in fact the property of the plaintiff. It was merely a debt due him from the association, which, having been paid to the defendant, the plaintiff elected not to ignore. He adopted and ratified the payment, and brought this action against the defendant upon an implied promise from her to pay the money she had received for the use of the plaintiff. Subdivision 1 of section 1364 of the charter of the city of New York (chapter 378, Laws 1897) in terms confers upon the municipal court jurisdiction to entertain "an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars." The amount of money the defendant had received was fixed and determined, no accounting was necessary in respect to the money, and it does not appear that either party had an equity which was required to be determined. It follows, therefore, that the action was properly brought; that the court had jurisdiction of the matter, and it was its duty to have proceeded with the trial.

The judgment of the municipal court should be reversed, with costs. All concur.