(40 Misc. Rep. 165.)

## HARRINGTON v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.    March, 1903.)

1. MUNICIPAL COURTS—JURISDICTION.

Under Laws 1901, p. 579, c. 466, § 1364, subd. 1, giving the Municipal Court of the City of New York jurisdiction over actions for breach of contract, express or implied, does not give that court jurisdiction of an action to recover a fine of the city imposed by a city magistrate who had no jurisdiction to impose the fine.

2. FINE—VOLUNTARY PAYMENT.

A voluntary payment of a fine made under a mistake of law cannot be recovered.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William H. Harrington, Jr., against the city of New York. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

John F. Harrington, for appellant.

George L. Rives, Corp. Counsel (Arthur F. Cosby, of counsel), for respondent.

CLARKE, J. The complaint alleged that defendant is a municipal corporation; that plaintiff on the 7th day of April, 1902, paid to the clerk of the City Magistrates' Court, First Division, Fourth District, the sum of $15, which sum has been paid over and received by the city; that said sum was paid by reason of a fine imposed upon plaintiff by a city magistrate for alleged operating an automobile through the streets of New York at a higher rate of speed than eight miles an hour; that said payment was made under coercion of law, threats, and duress, and the requirement of such payment was without authority of law, and the city magistrate acted beyond his power and jurisdiction in assuming to impose such fine, and his act in that regard was void. The complaint also properly alleges presentation of the claim to the comptroller, and neglect and refusal to make payment of the same. Defendant raises the point that the Municipal Court has no jurisdiction of this cause of action. Section 1364, subd. 1, of the Greater New York Charter (Laws 1901, p. 579, c. 466), confers upon the Municipal Court jurisdiction to entertain "an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars." It has been held that the jurisdiction thereby conferred includes an action upon an implied promise to pay money had and received for the use of the plaintiff. Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043. The action in that case, as in this, rested upon an obligation to repay imposed by law, irrespective of the purpose of the parties. Such an action is not in strict reasoning to recover damages for breach of an implied contract, but under the above decision the term "implied contract" is held to include actions

based upon facts constituting a quasi contract or legal obligation imposed notwithstanding the absence of intention by the defendant to assume the obligation.

The defendant also demurs to the complaint as not stating facts sufficient to constitute a cause of action. The principle of law upon which the plaintiff bases his case is that the payment was procured by duress. It is urged that the court which imposed the fine had no jurisdiction to pass judgment upon the offense charged, and that, as the fine was paid, pursuant to such judgment, the law imposes upon the defendant an obligation in the nature of a contract to return the money so paid by the plaintiff.

Chapter 266 of the Laws of 1902, p. 688, passed March 27, 1902, and by its terms taking effect immediately, amended section 666 of the Penal Code, and provided that "a person * * * who drives or operates an automobile or motor vehicle, * * * * upon any * * * public highway within any city * * * at a greater rate of speed than eight miles per hour, * * * is guilty of a misdemeanor, and shall be fined for the first offense not exceeding the sum of fifty dollars, and for the second offense not exceeding fifty dollars, or by imprisonment for a term not exceeding six months, or both." The offense, then, for which the fine was imposed, was a misdemeanor. But the city magistrates have no jurisdiction to try such an offense. Greater New York Charter, § 1409; Kolzem v. Broadway & Seventh Ave. R. Co., 1 Misc. Rep. 148, 20 N. Y. Supp. 700; People v. Patterson, 38 Misc. Rep. 79, 77 N. Y. Supp. 155. Therefore, the court having no jurisdiction to try the offense, its judgment is void, and may be questioned either directly or collaterally. Judge Bartlett says in Beardslee v. Dolge, 143 N. Y. 165, 38 N. E. 206, 42 Am. St. Rep. 707: "Where there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication upon the merits is a nullity, and does not estop even an assenting party." A collateral "attack can be made upon any judgment where there is no jurisdiction." Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589; Risley v. Phenix Bank, 83 N. Y. 337, 38 Am. Rep. 421; O'Donoghue v. Boies, 159 N. Y. 98, 53 N. E. 537. As the city magistrate had no jurisdiction to try the offense and impose the fine, the plaintiff might have appealed to the Court of General Sessions, or he might have moved to vacate and for an order requiring the sum paid to be returned. He did neither. He paid the fine, and commenced this suit in the Municipal Court to recover it, claiming that the payment was procured by coercion. It, therefore, becomes necessary to further determine whether the complaint sets forth that the payment was made under duress.

It is clear that the allegation "that said payment was made under coercion of law, threats, and duress, and the requirement of such payment was without authority of law," does not state facts which constitute duress, but merely avers conclusions of law. The complaint must state facts from which the court may determine that payment was compulsory. Commerical Bank of Rochester v. City of Rochester, 41 Barb. 341, affirmed 41 N. Y. 619. The only allegation of fact as to duress in this complaint is "that said sum was paid as aforesaid by reason of a fine imposed upon plaintiff by a

city magistrate." The plaintiff relies upon Merkee v. City of Rochester, 13 Hun, 157. That was an action to recover money alleged to have been wrongfully extorted from the plaintiff, for the benefit of the city, by a police justice. In that case, as in this, the magistrate exceeded his jurisdiction; but it there appears that a penalty of $50 was imposed, and in default of payment the defendant was to be imprisoned for 90 days. In other words, there was a choice of making the payment or going to jail. That was a clear case of payment under duress in fact. In the case at bar it is not alleged that the plaintiff was under arrest, or that there was any direction for his imprisonment in case the fine were not paid. The mere allegation that payment was made because of a fine imposed does not allege duress in fact. Under section 666 of the Penal Code a fine alone may be imposed. It may be suggested that there seems to be no way of enforcing the payment of a fine imposed in a criminal case other than by imprisonment. People ex rel. Gately v. Sage, 13 App. Div. 135, 43 N. Y. Supp. 372. It is not, however, alleged that any attempt was made to enforce the payment. Unless it appears from the facts stated that the plaintiff made an involuntary payment, a cause of action based upon duress in fact has not been alleged, even though it may be inferred that there are means of coercion which might have been employed. The force or threat must have induced the payment. Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76. Even were the plaintiff actually under unlawful arrest at the time the payment was made, it would be necessary to allege that the payment was procured by reason of such detention. In Bailey v. Town of Paullina, 69 Iowa, 463, 29 N. W. 418, the plaintiff was arrested for the violation of a void ordinance, pleaded guilty, but made no objection to the ordinance, was found guilty and fined, and paid the fine while under arrest, without protest, believing that the judgment against him therefor was valid. It was held that he did not pay under duress, and could not recover the money so paid. In the complaint before us it is nowhere alleged that the payment was made to avoid detention or imprisonment, or because of fear of imprisonment, which constrained or influenced the defendant to make such payment. There is not even an allegation of objection or protest. The complaint merely alleged that the fine was imposed and paid. The plaintiff has since learned that the magistrate had no authority, under the statute, to impose the fine. A fine cannot be recovered which is voluntarily paid under a mistake of law. Judge Dillon in his work on Municipal Corporations, at section 944, classes together fines and taxes voluntarily paid under a mistake of law. He says: "Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an alleged tax, license, or fine, cannot, without statutory aid, there being no coercion, no ignorance or mistake of facts, but only ignorance or mistake of law, be recovered back from the corporation, either at law or in equity, even though such tax, license, fee, or fine could not have been legally demanded and enforced." The rule that money paid under a mistake of law cannot be recovered has frequently been applied in this state to the voluntary payment of illegal and void assessments. Phelps v. Mayor, 112 N. Y. 216, 19 N.

E. 408, 2 L. R. A. 626; Flynn v. Hurd, 118 N. Y. 19, 22 N. E. 1109; Vanderbeck v. City of Rochester, 122 N. Y. 285, 25 N. E. 408.

There are two classes of cases in which the courts have permitted the recovery of money paid under an erroneous assessment or void judgment, although there was no duress in fact. In one class the plaintiff is permitted to recover money paid pursuant to a judgment void because of facts outside the record and paid in ignorance of those facts. Tripler v. Mayor, 125 N. Y. 617, 26 N. E. 721; Id., 139 N. Y. 1, 34 N. E. 729; Mutual L. Ins. Co. v. Mayor, 144 N. Y. 494, 39 N. E. 386. The case before us is clearly not within the rules permitting recovery in those cases. Not only does the complaint fail to allege that payment was made in ignorance of the invalidity of the judgment, but the invalidity of the magistrate's decision does not depend upon any facts outside the record, but upon the statute limiting his jurisdiction. The plaintiff's mistake is one of law, not of fact. In the other class of cases the plaintiff is permitted to recover money paid pursuant to an erroneous assessment or judgment from which appeal is taken, and which is subsequently reversed. Clark v. Pinney, 6 Cow. 297; Lott v. Swezey, 29 Barb. 87; Peyser v. Mayor, 70 N. Y. 497, 26 Am. Rep. 624; Scholey v. Halsey, 72 N. Y. 578; Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; People v. E. Remington & Sons, 60 Hun, 42, 14 N. Y. Supp. 441; Lawyers' Surety Co. v. Reinach, 25 Misc. Rep. 150, 54 N. Y. Supp. 205. In these cases the money may have been paid under a mistake of law, but the payment is not considered voluntary, and is said to have been made under coercion of law. In Peyser v. Mayor, 70 N. Y. 501, 26 Am. Rep. 624, Judge Folger gives this definition: "Coercion by law is where a court, having jurisdiction of the person and the subject-matter, has rendered a judgment which is collectible in due course. There the party cast in judgment may not resist the execution of it. His only remedy is to obtain a reversal, if he may, for error in it. As he cannot resist the execution of it, when execution is attempted he may as well pay the amount at one time as at another and save the expense of delay." In those cases the judgment pursuant to which the payment was made was in full force and effect when payment was made, and it was eminently proper that such judgment, until reversed, should be obeyed. In the case at bar the judgment was void for want of jurisdiction; it was a nullity. The plaintiff might properly have resisted it. As there was no judgment requiring obedience, the payment was not made under coercion of law. The case is similar to Bailey v. Buell, 50 N. Y. 662, followed in Drake v. Shurtliff, 24 Hun, 422, where a payment was made under an illegal and void order of a county judge in supplementary proceedings, and it was held that the payment was not compulsory or made under legal duress, but was voluntary, and plaintiff, therefore, could not recover. The demurrer must be sustained.

Judgment affirmed, with costs.

GREENBAUM, J. I am of opinion that the Municipal Court had no jurisdiction to entertain this action. The Greater New York Charter (section 1364, subd. 1) confers jurisdiction upon the Municipal

Court in "an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars." Unless the claim of plaintiff may be supported as one arising out of an "implied" contract, it is clear that the Municipal Court, which derives its power solely from the statutes, has no jurisdiction to entertain it.

Is the payment of a fine to the city of New York by the plaintiff, imposed upon him by a city magistrate in a case where no jurisdiction was vested in the magistrate to impose such fine, a claim resting upon an "implied" contract? The clear and convincing reasoning of Mr. Justice Danforth in People ex rel. Dusenbury v. Speir, 77 N. Y. 144–150, would seem to furnish a conclusive answer in the negative, and to be a binding authority here. In construing the statute under which a person may be lawfully arrested on civil process in certain cases, in a suit or proceeding instituted for the recovery of "money due upon any judgment or decree founded upon contract, or due upon any contract, express or implied, or for the recovery of any damages for the nonperformance of any contract," the court below had held in the Dusenbury case, supra, that "an implied contract existed in law for the payment of the moneys received by the defendant Dusenbury." Judge Danforth, writing for the court, says:

"We cannot agree with the learned judge in this construction of the statute. On the contrary, we think that the express contract referred to in the statute is one which has been entered into by the parties, and upon which if broken an action will lie for damages, or is implied when the intention of the parties, if not expressed in words, may be gathered from their acts, and from surrounding circumstances, and in either case must be the result of the free and bona fide exercise of the will, producing the 'aggregatio mentium'—the joining together of two minds, essential to a contract at common law. There is a class of cases where the law prescribes the rights and liabilities of persons who have not in reality entered into any contract at all with one another, but between whom circumstances have arisen which make it just that one should have a right, and the other should be subject to a liability, similar to the rights and liabilities in certain cases of express contract. Thus, if one man has obtained money of another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass, such money may be recovered back, for the law implies a promise from the wrong-doer to restore it to the rightful owner, although it is obvious that this is the very opposite of his intention. Implied or constructive contracts of this nature are similar to the constructive trusts of courts of equity, and in fact are not contracts at all. Add. Cont. 22. And a somewhat similar distinction is recognized in the civil law, where it is said: 'In contracts it is the consent of the contracting parties which produces the obligation. In quasi contracts there is not any consent. The law alone, or natural equity, produces the obligation by rendering obligatory the fact from which it results. Therefore these facts are called quasi contracts, because without being contracts they produce obligations in the same manner as actual contracts.' "

Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043, cited in the opinion of Mr. Justice CLARKE, is authority for the proposition that the Municipal Courts of the City of New York have jurisdiction in a case where a savings institution paid to a third party moneys deposited with it for the benefit of the plaintiff, where the latter brought an action against the third party upon the theory of a ratification, and a consequent implied promise of said party to pay to the plaintiff the money so received for the use of the plaintiff.

It seems wholly unnecessary here to consider whether the facts in that case came within the class of cases known as quasi contracts or not.. It suffices to say that the court made no reference to the Dusenbury Case, supra, nor is there any intimation that the court even considered the question of a quasi contract. The case is therefore authority, as long as it stands unreversed, that such facts as were therein shown constituted an implied contract in fact, and therefore conferred jurisdiction upon the Municipal Court. It is not an authority for the broad proposition that the Municipal Courts have jurisdiction in cases where the claim may only be upheld upon the theory of a quasi contract.

The case of Augner v. Mayor, 14 App. Div. 461, 43 N. Y. Supp. 803, is cited as favorable to the appellant's contention here. There an action had been brought against the city upon the revocation of a liquor license to recover the proportionate share for the unexpired term of the license. An examination of the case shows that the court by no means repudiated the theory of quasi contracts, as laid down in the Dusenbury Case, but held by a divided court that the implied agreement in fact was established by the facts there presented and by virtue of the statute under which the moneys had originally been reserved by the city.

No case has been quoted which has overruled the principle laid down in the Dusenbury Case, that an implied contract will not be predicated upon a state of facts which may give a cause of action upon the theory of a quasi contract. It must therefore follow that the Legislature never intended to include cases that may be brought upon the theory of quasi contracts within the jurisdiction of the Municipal Courts. In the case at bar the facts present a clean-cut case of quasi contract. As there was no contract that could be implied from the consent of the parties, there was no contract in fact.

The judgment herein must, for these reasons, be affirmed, with costs.

FREEDMAN, P. J. (concurring). If the amount paid by the plaintiff as a fine were recoverable at all for the reason that the magistrate who imposed the same had no jurisdiction to do so, the action could only be maintained on the theory that it is founded on a quasi contract as distinguished from an implied contract, and in that view I concur in the opinion of Mr. Justice GREENBAUM to the effect, first, that the Municipal Court has no jurisdiction to entertain such an action; and, second, that the decision in Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043, is not to be construed into an authority for the proposition that the Municipal Court has jurisdiction of a case resting solely upon a quasi contract.

But I am further of the opinion that upon the facts in this case no action for the recovery of the fine can be maintained in any court, and upon this branch of the case I concur in so much of the opinion of Mr. Justice CLARKE, which is to the effect that the plaintiff failed to show duress, and only showed voluntary payment of the fine, under ignorance or a mistake of law, and that money so paid cannot be recovered without statutory aid. To the cases cited by Mr. Justice

CLARKE I desire to add the case of Newburgh Savings Bank v. Town of Woodbury, 173 N. Y. 55, 65 N. E. 858, in which the point that no action will lie to recover money paid under a mistake of law was elaborately discussed. In the case at bar the plaintiff had been lawfully arrested and brought before the magistrate, and the magistrate had acquired jurisdiction over plaintiff's person, and upon proof of probable cause the magistrate might well have held the plaintiff for trial at the Court of Special Sessions. In trying and fining the plaintiff upon the mistaken idea that he had authority to do so, the magistrate, it is true, exceeded his jurisdiction, as was subsequently decided in another case. But the plaintiff acquiesced in the sentence imposed upon him and voluntarily paid his fine. No appeal was ever taken. For all that appears, therefore, there was nothing but a mistake of law on the part of both the plaintiff and the magistrate. The judgment must be affirmed, with costs.

Judgment affirmed, with costs.