### DEVERY v. WINTON MOTOR CARRIAGE CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. PLEADINGS—COMPLAINT—AMENDMENT.

An amendment of a complaint changing the cause of action from one for breach of contract to one for moneys had and received is within the power of the court.

**2. APPEAL—QUESTIONS REVIEWABLE.**
    Where no opposition was made to an amendment of a complaint changing the cause of action from one for breach of contract to one for moneys had and received, no exception taken, and no application for adjournment made, no question was raised thereby for review on appeal.
**3. COURTS—MUNICIPAL COURT—JURISDICTION—ACTION ON QUASI CONTRACT.**
    The municipal court of the city of New York has jurisdiction of an action on a quasi contract.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William S. Devery against the Winton Motor Carriage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Charles Thaddeus Terry, for appellant.

Emanuel I. S. Hart, for respondent.

SCOTT, P. J. It is true that the amendment of the complaint changed the cause of action from one for "breach of contract" to one for "moneys had and received." Such an amendment was within the power of the court, and as the record shows that no opposition thereto was made by defendant, and no exception taken, and no application for adjournment made, no question is raised thereby for review upon appeal. The case, as made, justified a recovery. Briggs v. Boyd, 56 N. Y. 289. The cases relied upon by defendant to sustain the contention that the Municipal Court has no jurisdiction to entertain an action upon a quasi contract (Harrington v. City of New York, 40 Misc. Rep. 165, 81 N. Y. Supp. 667; Goldstein v. Abramson [Sup.] 86 N. Y. Supp. 30) have been overruled by the Appellate Division (Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704).

Judgment affirmed, with costs. All concur.