## EMPIRE STATE SURETY CO. v. NELSON.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. GUARDIAN AND WARD (§ 118*) — MONEY PAID BY GUARDIAN — ACTION TO RECOVER.

Where a guardian pays his personal debt out of funds belonging to his ward's estate to a person who knows it to be guardianship funds, an action for money had and received will lie by the ward's assignee.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 412; Dec. Dig. § 118.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.. BILLS AND NOTES (§ 342\*)—PURCHASERS—SPECIAL GUARDIAN—NOTICE.**

Checks signed by "Special Guardian" are sufficient to put persons receiving them upon inquiry as to the maker's authority.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 342.\*]

**3. GUARDIAN AND WARD (§ 118\*)—PAYMENT OF WARD'S MONEY—BOND.**

Where a guardian has used his ward's money for payment of his personal debts, it is no defense, in an action by the ward against the person to whom the money was paid, that the guardian has given a bond.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 412; Dec. Dig. § 118.\*]

**4. GUARDIAN AND WARD (§ 118\*)—TRUST.**

In an action by a ward for money received against the person who has received the ward's money to pay personal debts of his guardian, it is no defense that the money in defendant's possession is impressed with a trust.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 118.\*]

**5. COURTS (§ 188\*)—MUNICIPAL COURT—JURISDICTION.**

An action against person receiving money from ward's estate in payment of guardian's personal debt is an action for money had and received, and the Municipal Court has jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.\*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Empire State Surety Company against Frederick W. H. Nelson. From a judgment sustaining a demurrer to the amended complaint, plaintiff appeals. Reversed and remanded.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Leon N. Futter, for appellant.

James A. Sheehan, for respondent.

RICH, J. The defendant by his demurrer admits that one Daniel F. Doherty, special guardian of plaintiff's assignors, paid his personal debt, amounting to $169.95, not connected in any manner with his guardianship, or the estate of the infants he represented, to the defendant, with the money coming into his hands as such guardian, the defendant knowing at the time he received such payment that it was made from guardianship funds, and that such guardian never accounted to the infants, or paid over the money he had so wrongfully and without authority paid to the defendant. These facts entitled the plaintiff, as assignee of the minor wards, to maintain an action at law against the defendant for money had and received, which is the cause of action alleged in the amended complaint. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Town of Bleecker v. Balje, 138 App. Div. 706, 123 N. Y. Supp. 809; Weston v. Brown, 158 N. Y. 360, 368, 53 N. E. 36.

The check with which Doherty paid his personal debt to defendant is signed by him as "Special Guardian," which brings the case within the rule declared in First Nat. Bank v. Broadway Bank, 156 N. Y. 459, 467, 468, 51 N. E. 398, 42 L. R. A. 139; Rochester & Charlotte Turnpike Road Co. v. Paviour, 164 N. Y. 281, 286, 287, 58

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. E. 114, 52 L. R. A. 790; Ward v. City Trust Co., 192 N. Y. 61, 69, 84 N. E. 585, and Gerard v. McCormick, 130 N. Y. 261, 29 N. E. 115, 14 L. R. A. 234. It is immaterial that Doherty gave a bond for the faithful performance of his duties (Fellows v. Longyor, 91 N. Y. 324, 331), or whether the money in the possession of the defendant is impressed with a trust (Merino v. Munoz, 99 App. Div. 201, 90 N. Y. Supp. 985, 986).

The action, being one for money had and received, is one of which the Municipal Court had jurisdiction. Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043; Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704; Devery v. Winton Motor Carriage Co., 49 Misc. Rep. 626, 97 N. Y. Supp. 392; Cohn v. Small, 120 App. Div. 211, 105 N. Y. Supp. 287.

The judgment must therefore be reversed, with costs, with the right to defendant, upon the payment of such costs within 20 days, to answer upon the merits. All concur, except BURR, J., who did not vote.