## FRANK HEYWOOD v. NORTHERN ASSURANCE COMPANY OF DETROIT.[1]

June 30, 1916.

Nos. 19,760—(152).

**Action for money had and received.**

1. Whether the action for money had and received can be maintained by a claimant of money, to recover from another claimant who has received the money, is not involved in this case.

**Same — action by person entitled to payment.**

2. The question in this case is: Where one person procures a payment of money, which he knows is due to another, can the person who was entitled to receive the money maintain an action against him for money had and received?

**Development of the action.**

3. The action for money had and received was invented to secure relief from restrictions of the common law forms of procedure which afforded no remedy in too many cases of merit. The action is a modified form of the action of assumpsit. It is founded on the principle that no one ought to unjustly enrich himself at the expense of another, and the gist of the action is that the defendant has received money which in equity and good conscience should have been paid to the plaintiff, and under such circumstances that he ought, by the ties of natural justice, to pay over.

**Characteristics of the action — legal fiction.**

4. The action does not fail because the payment did not destroy plaintiff's right of action against his debtor who has paid the money

1Reported in 158 N. W. 632.

to defendant. Nor is privity or promise necessary to sustain the action. To say that the law supplies the promise is but to indulge in legal fiction. There is no place for legal fiction in modern law.

**Action lies in this case.**

5. The action lies under the facts of this case, and the question stated in paragraph 2 must receive an affirmative answer.

**Michigan decisions.**

6. The decisions of the courts of Michigan, in which state this cause of action arose, are not out of accord with this ruling.

**Assignments of error.**

7. Other minor asignments of error are not well taken.

Action in the district court for Hennepin county to recover $433.59 upon two promissory notes. The case was tried before Dickinson, J., who made findings and ordered judgment for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*William B. Henderson, Robert M. Works* and *Glenn S. Stiles,* for appellant.

*W. M. Babcock* and *Josiah H. Chase,* for respondent.

HALLAM, J.

Thomas Dunn, a life insurance solicitor in the employ of defendant, a Michigan corporation, secured two policies of insurance in Michigan, took notes running to himself for the first premium, and paid the defendant the amount of the premium, less his commission. Then he sold the notes to plaintiff. Because of some disagreement with Dunn, defendant demanded that the notes be paid to it, and the makers did pay the amount thereof to defendant. In one case defendant guaranteed to protect the payor against loss arising from such payment. The money should have been paid to plaintiff. Defendant had no right to receive it, and the court found that at the time it did receive the money it knew it had no right to do so. Plaintiff brings this action for money had and received to recover the amount. The trial court found for plaintiff and defendant appeals.

1. Counsel for appellant bottom their claim for reversal upon the contention that, "where there are two or more parties claiming the same

fund, and the person holding the fund elects to pay it to one of the defendants, to the exclusion of the other, * * * the other cannot maintain an action against the one receiving the fund, as for money had and received." The question here suggested is not free from doubt. The following decisions hold the action will not lie in such a case: Shultz v. Boyd, 152 Ind. 166, 52 N. E. 750; Moore v. Moore, 127 Mass. 22; Sergeant v. Stryker, 16 N. J. Law, 464, 32 Am. Dec. 404; Butterworth v. Gould, 41 N. Y. 450; Richmond v. Read, 33 R. I. 527, 82 Atl. 387; see also Finn v. Adams, 138 Mich. 258, 101 N. W. 533, 4 Ann. Cas. 1186. The following sustain the action under somewhat similar circumstances: Goodrich v. Alfred, 72 Conn. 257, 261, 43 Atl. 1041; Bates-Farley Savings Bank v. Dismukes, 107 Ga. 212, 33 S. E. 175; Whitton v. Barringer, 67 Ill. 551; Allen v. Stenger, 74 Ill. 119; Homire v. Rodgers, 74 Iowa, 395, 37 N. W. 972; Early v. Atchison, T. & S. F. Ry. Co. 167 Mo. App. 252, 149 S. W. 1170; Story v. Robertson, 5 Neb. (Unoff.) 404, 98 N. W. 825; Carnegie Trust Co. v. Battery Place Realty Co. 67 Misc. 452, 122 N. Y. Supp. 697; Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043, Siems v. Pierre Savings Bank, 7 S. D. 338, 64 N. W. 167; Knott v. Kirby, 10 S. D. 30, 71 N. W. 138; Finch v. Park, 12 S. D. 63, 80 N. W. 155, 76 Am. St. 588. Former decisions in this state lean toward sustaining the right of action. Brand v. Williams, 29 Minn. 238, 13 N. W. 42, Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337.

2. But it occurs to us that this is not a correct statement of the issue in this case. There is here in reality no case of conflicting claimants to a fund. Defendant asserts no claim of any right to the money it received, and it does not appear that it ever did do so, for, as above stated, the court found that defendant knew that it had no right to the money at the time of receiving it. The question in the case is this: Where 'one person procures a payment to himself of money which he knows is due to another, can the person who was entitled to receive the money maintain an action against the one receiving it for money had and received? It seems to us that he may do so.

Some decisions construe the right to recover in this form of action with strictness against the plaintiff. These decisions hold that, in order to maintain the action, there must be privity, express or implied; that express privity exists where the defendant is the agent or bailee of the

plaintiff, or where he agreed to appropriate the money to the payment of plaintiff; that privity can be implied only where the defendant has received money belonging to the plaintiff by mistake, fraud or duress, or has come into possession of it *mala fide* or on a consideration which has failed, or has tortiously converted the plaintiff's property into money. "In other words, the money sought to be recovered * * * upon an *implied* promise, must either be identically the money of the plaintiff, of which the defendant has improperly possessed himself, or the proceeds of some property, or issuing out of some fund, or emoluments belonging to the plaintiff" (Sergeant v. Stryker, 16 N. J. Law 464, 470, 32 Am. Dec. 404); and that, since no privity or promise can be implied where the defendant received money in denial of the right of the owner, no recovery can in such case be had. Richmond v. Read, 33 R. I. 527, 82 Atl. 387.

3. With all due respect to these decisions, we think they fall into the mistake of specifying with too much detail the wrongs which may be righted by this form of action. The action of money had and received was invented by the common law judges to secure relief from the narrow restrictions of the common law procedure, which afforded no remedy in too many cases of merit.

The action is a modified form of the action of assumpsit. The action of assumpsit has gone through various transformations. In its origin it was tort. It was then tranformed into contract, and afterwards into a remedy where there was technically neither tort nor contract. As a remedy on contract it was first based on express promise, then on an implied promise, and later on a fictitious promise. J. B. Ames, in 2 Harvard Law Rev. 69.

The action of money had and received is founded on the principle that no one ought unjustly to enrich himself at the expense of another, and the gist of the action is that the defendant has received money which in equity and good conscience should have been paid to the plaintiff, and under such circumstances that he ought, by the ties of natural justice, to pay over. Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443. As long ago as 1779 Lord Mansfield said: "Great benefit arises from a liberal extension of the action * * * because the charge and defense in this kind of action, are both governed by the true equity and conscience of the case." Longchamp v. Kenny, 1 Doug. (Eng.) 137. This view has

received the approval of this court. Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443, and this court has always favored the liberal extension of the use of this form of action.

In Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337, one party received payment of a judgment, when the amount was in fact payable to another by reason of an attorney's lien. It was held that an action for money had and received would lie.

In Quigley v. Welter, 95 Minn. 383, 104 N. W. 236, it was held that one who, without authority or right, has received through garnishment proceedings the amount of a debt due to another, is liable to pay it over to the one to whom it belongs in an action for money had and received.

It has been held that the action lies against one who had received the proceeds of plaintiff's logs (Libby v. Johnson, 37 Minn. 220, 33 N. W. 783), or of his wheat (Landin v. Moorhead National Bank, 74 Minn. 222, 77 N. W. 35), or of his cattle (Stoakes v. Larson, 108 Minn. 234, 121 N. W. 1112), or of his checks (Bank of the Metropolis v. First Nat. Bank of Jersey City, 19 Fed. 301), or the insurance on his tea (Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606).

4. No good purpose will be served by trying to enumerate the instances in which the action may be maintained. Any attempt to do so is bound to result in erroneous exclusion, for the purpose of the action is to cover cases of meritorious demand that cannot well be anticipated. It should be understood, however, that the action does not fail because the payment did not destroy plaintiff's cause of action against his debtor who paid to defendant the money which was due to plaintiff. Brand v. Williams, 29 Minn. 238, 13 N. W. 42; Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337. It should also be understood that there need be no privity of contract to sustain the action (Brand v. Williams, 29 Minn. 238, 13 N. W. 42; Walker v. Conant, 65 Mich. 194, 31 N. W. 786) ; and no promise, unless it can be said that one is implied "from one man's having another's money, which he has no right conscientiously to retain" (Brand v. Williams, 29 Minn. 238, 13 N. W. 42; Early v. Atchison, T. & S. F. Ry. Co. 167 Mo. App. 252, 149 S. W. 1170). It was said in the first case that "the law creates the privity and the promise," and in the second one that "the privity of contract, otherwise absent, and usually essential to authorize a recovery, is  *  *  *  supplied by the law in accord with the precepts

of natural justice, to the end of affording a    *    *    *    remedy for every wrong."

To say that the law supplies the privity and the promise is but to indulge in legal fiction. There is no place for fiction in modern law. At a time when it was thought that no new right could be recognized, unless it could be enforced through some old form of procedure, a fiction which undertook to clothe a newly recognized right with the semblance of the garb of an old one, may have served a purpose, but fictions of the law never did deceive, nor can they now serve any real useful purpose. They should not be allowed to help or to hurt any man's cause, but should be discarded as the archaic contrivances which they are. If a man has suffered a wrong which on recognized principles of right and justice the law ought to redress, a remedy should be given him, otherwise not. It seems to us better to say with frankness, that neither privity nor promise is required at all, and to say, as was said by Mitchell, J., in Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337: "The obligation * * * to repay * * * arises from the moral obligation, resting upon every person, * * * to make restitution where they have received without consideration the money of another, which they have no right to retain." See also Borough of Henderson v. Sibley, 28 Minn. 515, 11 N. W. 91; for it was truly said by Lord Chief Justice Holt two hundred years ago that "the notion of promises in law was a metaphysical notion, for the law makes no promise, but where there is a promise of the party." Starke v. Cheeseman, 1 Ld. Raym. 538.

5. We think recovery should be had on the state of facts found in this case, and that the right of recovery is well sustained by authority. In addition to the Minnesota cases above cited see Whitton v. Barringer, 67 Ill. 551; Homire v. Rodgers, 74 Iowa, 395, 37 N. W. 972; Story v. Robertson, 5 Neb. (Unoff.) 404, 98 N. W. 825; Victer v. Fagin, 145 N. Y. Supp. (App. Term, 1st dept.) 47; Knott v. Kirby, 10 S. D. 30, 71 N. W. 138; Hamlin v. Haight, 32 Wis. 237; see also Bates-Farley Savings Bank v. Dismukes, 107 Ga. 212, 33 S. E. 175; Dechen v. Dechen, 59 N. Y. App. Div. 166, 68 N. Y. Supp. 1043. Some of these decisions are rested on the theory that the plaintiff may "ratify" a payment made to another which he should have received, and may after such ratification recover on the theory of agency. Homire v. Rodgers, 74 Iowa, 395, 37 N. W. 972;

Dechen v. Dechen, 59 N. Y. App. Div. 166, 68 N. Y. Supp. 1043; Bates-Farley Savings Bank v. Dismukes, 107 Ga. 212, 33 S. E. 175. This principle is not altogether satisfactory as a ground of decision, for it makes one an agent without his consent. We prefer to rest our decision upon the general principle, which, as above stated, underlies the action for money had and received. The defendant in this case procured the makers of these notes to pay to it money which it should not have received, but which plaintiff should have had. Under every sound principle of justice it ought to pay it over to plaintiff. In some way or other it should be compelled to do so. The procedure of the law would be exceedingly inadequate if it did not furnish a remedy in such a case. We hold that there is a remedy, and that the action for money had and received is the proper action for such a case.

6. Defendant contends that this being a Michigan transaction, the law of Michigan controls, and that under the law of that state the action for money had and received does not lie in such a case. The following cases are cited: Corey v. Webber, 96 Mich. 357, 55 N. W. 982; Finn v. Adams, 138 Mich. 258, 101 N. W. 533, 4 Ann. Cas. 1186. We do not think these decisions cover this case. In Corey v. Webber, defendant had obtained, under a garnishment judgment, money which plaintiff claimed. Reference is made to "the general rule * * * that money paid under judicial process cannot be recovered back, the remedy being, if any, by a reversal of the judgment," and it is said that "it would be a manifest injustice to permit others to reap the fruits of plaintiff's diligence, and, in case of the insolvency of his debtor, deprive him of all remedy, where, as in this case, he has in good faith successfully pursued a legal remedy for the collection of his debt." In Finn v. Adams, the money was received by a guardian of defendant's children under a claim of right, and it was paid to him in recognition of such claim, and apparently the money had been used for the benefit of the children whom plaintiff was under obligation to support.

7. The other assignments of error do not require extended consideration.

We think there was no error in permitting Dunn to testify that he had remitted to defendant the amount of the premiums received on these policies, less his commission. It had a bearing on defendant's right to receive the amount of the notes. This was in issue under the pleadings.

The testimony as to the custom of insurance agents to take notes for premiums and remit the amount to the company; could do neither good nor harm.

Judgment affirmed.