GOLDSTEIN v. ABRAMSON et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. WRONGFUL LEVY—NATURE OF ACTION—INSTRUCTIONS—INDEFINITENESS.

In an action against an officer for damages caused by the alleged wrongful levying of an execution against the plaintiff's husband, on property belonging to plaintiff, it appeared that defendant, being about to carry away the property, told plaintiff that it would be better for her to pay the amount of the execution, and that he would hold the money "until it was seen what the judge or jury would decide." Plaintiff gave a check, which defendant retained. After plaintiff rested, her counsel, in answer to a query as to the nature of the cause of action, stated that

his theory was that the money was paid "in pursuance of a wrongful levy and trespass by the defendant under threats to levy against the plaintiff's husband." The court charged that plaintiff claimed that defendant had no right to go upon her place and attempt to take property, or to disgrace her before her neighbors by preparing to remove the property, and that, as the only way to avoid this, she was compelled to pay the money. The court further charged that plaintiff claimed that she paid the money on the assurance by the defendant that he would hold the money, and that if it was declared that he was not entitled to hold it the money would be returned, and that in consequence of defendant's failure to do this plaintiff sustained damage. Further in the charge the court treated the action as one of trespass arising out of unlawful entry. *Held,* that the instructions were erroneous, because failing to explain with sufficient clearness the precise character of the action.

2. MUNICIPAL COURTS—JURISDICTION—DURESS.
  A municipal court has no jurisdiction of an action for the recovery of moneys paid under duress.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Goldstein against Samuel I. Abramson and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Rosenthal & Brown, for appellants.
Abraham B. Schleimer, for respondent.

GREENBAUM, J. This action is brought by the plaintiff, the assignee of one Bertha Hellman, for damages claimed to have been sustained by reason of a trespass arising out of the following state of facts: The defendant Abramson was a city marshal, who was directed to levy upon the property of one Louis Hellman, the husband of plaintiff's assignor and judgment debtor, under a judgment recovered against him in one of the municipal courts. The other defendants were joined as parties by reason of their participation in the alleged unlawful levy. It appears that the marshal called upon two occasions. On the first he attempted to levy, but, upon being told by Mrs. Hellman that the place of business was hers, defendant consented to withdraw, but collected from her the sum of which he claimed $13 were his fees. Two weeks later he called again, with several vans and a number of men, and threatened to seize the property in the store, which Mrs. Hellman claimed belonged to her. According to Mrs. Hellman's version of the occurrence, she states that the men were about seizing hold of her property; that a large crowd gathered; and that defendant Abramson told her, "Mrs. Hellman, better take my advice and give me the check, and I will hold the check for you until you see what the judge will decide or the jury;" to which she replied, "Why should I do that?" He said, "It is better than having a crowd like that." "I went to work and gave Mr. Abramson the check." The check in question was for $166.67, in full payment of the judgment and marshal's fees. After plaintiff rested his case a colloquy ensued between the plaintiff's counsel and the court, in which the court endeavored to elicit what the cause of action was; to which the plaintiff's counsel replied that his theory of the recovery was the two checks,

of $13 and $166.67, respectively, "were paid in pursuance of a wrongful levy and trespass by the defendant under threats to levy against the plaintiff's husband." Defendant's counsel thereupon moved to dismiss the complaint upon the ground that plaintiff had failed to make a cause of action in trespass. The motion was denied, to which defendant excepted. At the close of the entire trial the motion was renewed, with a similar result.

In his charge to the jury the learned justice, in explaining the nature of the claim of the plaintiff, used the following language:

"The claim now made is, and is so asserted, that the defendant Abramson individually, or in the character of a city marshal, had no right to go to this place and attempt to take property, back up wagons to the door, disgrace her before her neighbors, and she, Mrs. Hellman claims, as the only way to avoid all this, was compelled to pay this amount of money. Mrs. Hellman claims that she paid the money on the assurance by the defendant Abramson that he would hold the money, and if his act—what he did—was declared unlawful in collecting this execution, or that he was not entitled to hold the money which defendants obtained, the money would be turned over to her. Bertha Hellman claims defendant failed in this, and in consequence of the wrong, as she claims, by this defendant Abramson, she sustained damages."

Further on the learned justice in instructing the jury treated the action as one of trespass arising out of an unlawful levy.

Sufficient has been quoted from the charge to show that the precise character of the cause of action of the plaintiff was not presented to the jury in such a way as to enable them clearly to understand the actual issues involved. It was not evident whether the claim rested upon the theory of money paid under duress of property, or upon an agreement that some action was to be brought which should determine the rights of the parties, or for trespass arising out of an unlawful levy. It is obvious that the facts, as testified to by the plaintiff's assignor, might in one aspect tend to show that the money was paid to the marshal to stand in lieu of the property upon which he was about to levy, and that the plaintiff would be enabled to test the right of the marshal to make the levy in an action for trespass in which the question of plaintiff's title could be determined, or else that it was paid under duress of property under the circumstances detailed. If an action for the recovery of moneys paid under duress would lie, then, under the authority of Harrington v. City of New York, 40 Misc. Rep. 165, 170, 81 N. Y. Supp. 667, the Municipal Court would not have jurisdiction to entertain such an action. It was therefore of importance that the case be presented to the jury upon a consistent theory, and one which would exclude any other. Had the case been presented squarely as one for an unlawful taking of property, leaving it to the jury to determine whether the money was given to the marshal in lieu of the property, which he was about to seize, or as a voluntary payment under the execution, and had the jury then found for the plaintiff, no injustice would have been done the defendant. Under the circumstances, however, we think that the interests of justice would require that the judgment should be reversed and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.